UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PG. # 1

Mr. Tony Harrison,
        PLAINTIFF,

   -against-

1. [Honorable Judge Anne Feldman
   Brooklyn Supreme Court Part-5,]
2. [Honorable Judge JoAnn Ferdinand
   Brooklyn Supreme Court Part-4,]
3. New York State United Court System,
4. State of New York,
5. City Of New York,
6. New York City Dept. Of Correction,
7. Correctional Officer Hodge #11923 (C-95),
8. Correctional Officer Steward (Kings County Hospital),
9. Correctional Officer Nelson (Kings County Hospital),
10. [Correctional Officers Of Kings County Hospital
    John Does 1,2,3,4,5,6,7,8,9,]
11. [New York City Police Department,]
   [Brooklyn 71st Precinct
12. Detective Hector L. Sanchez,
13. Detective Sgt. Kennedy,
14. Detective Mullhall,]
15. [Brooklyn District Attorney
    Charles Hynes,]
16. [Brooklyn A.D.A. Nanci Slater],
17. Robert C. Newman [legal Aid Society Of Brooklyn],
18. Gregory C. Clarke [Brooklyn 18-B Attorney],
19. Medical Examiner [John Doe],
20. Sonia Rodriguez,
21. Shirley Carel,
22. Sonya Allin,
        Defendants,

"NOTICE"
Plaintiff Amendment Of
Original Complaint Under
The Civil Rights Act 42
U.S.C. 19983.

Re: 96-CV- 1465 (SJ)

Honorable Magistrate Judge
Mr. John L. Caden

Dear Honorable Magistrate Judge Hon. Judge John L. Caden,

    PLESAE TAKE NOTICE, that upon the annexed affidavit in support of, Tony Harrison
Pro-Se Plaintiff Duly Sworn to on this day of July 19, 1996.

    Also the attached exhibits hereto, upon notice herein, and all pleadings and pro-
ceedings hereto fore had herein. The under signed will move that a term of the United
Sates District Court: Eastern District Of New York; Located at 225 Cadman Plaza Brooklyn,
N.Y. 11201."AMEND" See: Texas Co. v. Fort.168 Tenn.679,80 S.W.2d658,660. Also See Rule
15(a),(b), and Fed.R.Civil PG.(15(c).

    Plaintiff request that this AMENDMENT be file"FORTHWITH" See: U.S.Ex Rel Carter v.
Jenning, D.C. Pa. 333 F. Supp.1392,1397.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Mr. Tony Harrison,
              PLAINTIFF,

   -against-

1. [Honorable Judge Anne Feldman
   Brooklyn Supreme Court Part-5],
2. [Honorable Judge JoAnn Ferdinand
   Brooklyn Supreme Court Part-4],
3. New York State United Court System,
4. Sate Of New York,
5. City Of New York,
6. New York City Dept. Of Corrrection,
7. Correctional Officer Hodge #11923 (C-95),
8. Correctional Officer Steward (Kings County Hospital),
9. Correctional Officer Nelson (Kings County Hospital),
10. [Correctional Officers Of Kings County Hospital
    John Does 1,2,3,4,5,6,7,8,9,],
11. New York City Police Department,
    [Brooklyn 71st Precinct
12. Detective Hector L. Sanchez,
13. Detective Sgt. Kennedy,
14. Detective Mullhall],
15. [Brooklyn District Attorney
    Charles Hynes],
16. [Brooklyn A.D.A. Nanci Slater],
17. Robert C. Newman (Brooklyn Legal Aid Attorney),
18. Gregory C. Clarke (Brooklyn 18-B Attorney),
19. Medical Examiner (John Doe),
20. Sonia Rodriguez,
21. Shirley Carel,
22. Sonya Allin,
              Defendants,

" AFFIDAVIT IN SUPPORT OF;

   Plaintiff Amendmant Of
   Original Complaint Under
   The Civil Rights Act 42
   U.S.C. 1983.

Re: 96-CV-1465 (SJ)

Honorable Magistrate Judge
Mr. John L. Caden

STATE OF NEW YORK )
              ) ss:
COUNTY OF QUEENS )

   I, Tony Harrison, Being duly sworn and deposes and says:

A) That I am the Plaintiff in the above titled action. I am fully aware of all the facts
   and circumstances in relation to the instant matter. Furthermore, I Affirm that all the
   facts presented herein, regarding the same is true to the best of my Knowledge and be-
   lieveth.......

B) The Plaintiff makes this Affidavit in support of the foregoing Notice of Plaintiff. Thus
   fore affirming the truth of the same herein, and therein of..........

         " FACTS AND PROCEEDURAL HISTORY"

1. SEE ATTACHED ACKNOWLEDGEMENT. NO.# 1.

## "ACKNOWLEDGEMENT" NO. # 1
### Story Never Told To the Media

My name is Tony Harrison and I was arrested on September 16, 1995 at 5:10 a.m. while I was on my way to Prospect Park (located in Brooklyn) for my daily workout; at which time I was arrested by detectives Sgt. Kennedy and Mulhall in a belligerent and antagonizing manner saying I was following a woman. There was no such woman in front of me or behind me as the detectives allege.

Detectives Sgt. Kennedy and Mulhall detained me against my will and escorted me down Union Street between Prospect Park West and Plaza Street. I was then taken in front of a woman (Sonia Rodriguez) and another detective (Hector Sanchez). I asked this woman did I do anything to you and she replied, "No" and shook her head no! Detectives told me to get against the car and shut up! While I was against the car, detective (Sanchez) was speaking to the woman In Spanish.

I asked the detectives what was going on and their response was for me to get back against the car. At this time, these detectives turned me around and proceeded to handcuff me. At this point, I was confused as to what was going on because I had not done anything nor had I broken any laws for these detectives to harass and illegally detain me. Several other law enforcement officers came from nowhere and grabbed my neck and arms. These officers commenced to handcuff me. I was then placed in the back of the detectives' car and taken to the 71st precinct.

Upon my arrival at the precinct, I was placed in a holding pin all morning not knowing what I was in there for. While in the holding pin, I began to get sick because I had not taken my medication for seizures (medication which I normally take every morning after I work out). I asked an officer if I could call my mother because I needed my medication. I was allowed to make my phone call and it was during this time that I informed my mother of my being taken into custody. I asked her to contact my lawyer because I was being detained for nothing.

After I made my phone call, I was placed back in the holding cell. At this point, I blanked out. When I awoke, I was traumatized, dizzy, and splitting saliva all over myself. EMS workers and several officers were standing over me asking me a lot of questions. The EMS personnel asked me did I want to go the hospital. Because of my state of mind and physical condition, I was scared as well as helpless. EMS wanted to take me to the hospital due to my seizure attacks. The officers told them that if I was taken to the hospital the process would take all day and that the police had scheduled me for line ups to be conducted and the line ups always come first.

Detectives escorted me into an interrogation room that had a mirror. There where several other people. In room: with numbers on their chest. I was not physically able to put up a struggle with the detectives, so I complied with their orders. After the line ups, I then learned I was placed in seven different line ups and I was supposed to have been picked out by a complainant by the name, Shirley Carel who, oddly enough, had also picked out someone else in a similar line up several weeks prior to my arrest.

Out of the seven line-ups held for the seven victims, I was allegedly picked out only once. The District Attorney as well as the police officers had knowledge that (complainant) Shirley Carel picked another individual as her attacker in July (1995) prior to my arrest in September.

The detectives Hector Sanchez and Sgt. Kennedy as well as other officers were at every viewing, interrogation and interviews of all victims.

Therefore it is no reason why I should have been labeled as the Park Slope Serial Rapist by the Police Department, as well as the media on September 17th and 18, 1995.

I am being used as a scape goat for the police department to quiet down the Park Slope Community because the community of Park Slope had been protesting the police department's slacking off on the job in resolving these crimes. The community has been saying for a long time that the police have failed to solve this long sting of related crimes.

The media-playing detectives went home and changed in to suits and reemerged later saying that they have a suspect for the series of rapes in the Park Slope and Boerum Hill Community.

Detectives escorted me out of the 71st precinct in front of the media cameras and the detectives put me in their car and drove me down Sullivan Place only to quickly return to the block and put me back in my holding cell from the back entrance.

This is a major issue of police corruption that must be dealt with because the real rapist has continued to terrorize the Park Slope community and has attacked three more women and even more since I was arrested? Proof of this matter is supported by numerous articles in the *New York Daily News* article dated November 23, 1995, *New York Post*, November 23, 1995, *New York Times*, November 24, 1995 and the *Downtown News*, November 24, 1995. These attacks are in the same pattern and in the same community of Park Slope and Boerum Hill.

Five hundred people from the Park Slope area and Boerum Hill community protested and marched in the middle of 1995 against the police not protecting their community. So because pressures from the communities, the police snatched up anyone they could find (me) as a "suspect" for the media in order to quiet the public down and to look as good as possible in the eyes of the public.

The police knew that they didn't have the real suspect for any of the rapes. So they did what they usually do, pull someone (like myself) with a record and on parole, who cannot afford the proper legal representation. That seems to be the easiest way for them to solve some cases.

## "ACKNOWLEDGEMENT"

Instead of the Assistant District Attorney (ADA, Nanci Slater) investigating the matter of the police possibly having an innocent man, they continue the corruption by the Police Department with the Sex Crimes Unit in the 77th, 78th and 84th precinct.

I was indicted illegally when Nanci Slater did not allow seventeen grand jurors know that I was placed in seven line-ups and was picked out only one time by one complainant who had also picked out someone very different from me in physical characteristics almost two months prior to my arrest in September.

I am currently facing a female judge, Ann Feldman, who ironically lives in the Park Slope Community. Can she be unbiased in this situation and not violate my Constitutional Rights to due process of law? Instead of the judge investagating the evidence and probing below the surface of the shallow evidence of the ADA, she has let the ADA taint and/or fish for expedition in uncharged crimes.

Judge Feldman allowed ADA Slater to get a court order by another woman Judge JoAnn Ferdinand months into the case.

This court order was for blood samples of DNA testing for an uncharged crime. The ADA claims she has forensic evidence from another crime scene and ignores the facts of innocence for the crime that I am charged with. The ADA just wanted my blood for a fishing expedition in order to cover herself for the lack of evidence and also (possibly) taint the evidence with my DNA sample.

So I was ordered by Judge JoAnn Ferdinand , a friend of Judge Ann Feldman, to give blood for an uncharged crime.

On February 15, 1995, I was court ordered to Kings County Hospital Prison Ward against my will. When I reached the hospital, I was handcuffed and shackled up by correctional officers because I refused to comply. There was not a lawyer present and it was during the month of Ramadan, a month in which I am required not to give up blood because of fasting. I explained to the officer that I am a Muslim and I am fasting and also requested for my lawyer, Robert C. Newman, to be present.

They withdrew blood nine times in the same arm while I was shackled and handcuffed by a man in plain clothes as arresting officer (Hector Sanchez) stood in the background laughing at the injustice being committed by these correctional officers.


Tony Harrison

*Tony Harrison*
141-95-20435


Signed before me
this 23rd day of
May 1996

*Melissa C. Reed*

**MELISSA C. REED**
**Notary Public, State of New York**
No. 24-4922548
Qualified in Kings County
Commission Expires April 4, 1992

## CONT... "FACTS AND PROCEEDURAL"

1. On February 15, 1996 at 5:00 O'clock in the morning, I was told by officers of unit quad 1 upper; that I had Court on this morning. I went down to the receiving room and explained to officers that I did not have Court today. Then I was told by officers, "there was a Court Order to produce body to Kings County Hospital. I was then escorted by Officer Hodge #11923 from (C-95). When I got to Kings County Hospital Officers said, "there was a Court Order to produce body for blood sample."

2. I explained to Officers that I'm a Muslim, and that I was Fasting for the month of "RAMADAN" and I'm not required to give up blood during my Fast. I also asked Officers for the presence of a Correctional IMAN. I also asked Officers can I have my Lawyer present because I did not know what was going on. The Officers Denied me the STATUTORY RIGHT to have my Lawyer present at that time, So my Lawyer can PREVENT UNSAFE BODY INTRUSION, and also watch the CHAIN OF CUSTODY of blood sample. The Officers said, "NO"! we have a Court Order from Judge JoAnn Ferdinand to take blood! I explained again to Officers that it was against my Religion to give up blood during Fasting, and I want my lawyer present, ( Mr. Robert C. Newman) was my lawyer at that time.

3. I was told by, "REALLY TRICKED" by Officers Hodge #11923 and Steward, that I was going back to the Facility. So Correctional Officers Hodge #11923 and Steward put on HANDCUFFS and SHACKLES on me like we was going back to the Facility (C-95).

4. When these Officers finished securing the Handcuffs and Shackles on me like I was ready to go back to facility, I was pushed in another room with about nine other Officers; The Officers commenced into grabbing my neck and arms, pulled up the sleeve of my right arm and allowed arresting Officer Detective Hector L. Sanchez No.#2394 and a man in plain clothes; who had a needle, sticking me in right arm as many times as he wanted. The man in plain clothes could not catch a vein, so I was stuck at least nine times; in which the needle popped and broke off in my arm. This incident happen at Kings County Hospital Prison Ward at 1:00 O'clock in the afternoon.

5. I also saw Correctional Officer, Nelson, The others I could not get their Badge No.s or names. I know all their faces and it was two Captains that was involved as well. This all began when assistant district attorney (NANCI SLATER) started Fishing for Expedition for a UNCHARGED crime without PROBABLE CAUSE, and no proof or legal sufficient evidence of the crime that I'm arrested for.

## CONT...."FACTS AND PROCEEDURAL"

5A.     Regarding on criminal charges N.Y.A.D. 1 Dept. has ruled development subsequent to arrest cannot serve as foundation for either finding of probable cause to arrest or resonable suspicion to conduct stop and frisk. U.S.C.A.CONST.AMEND.4-People v. Oquendo, 633 N.Y.S.2d 492.—Furthermore before probable cause based on hearsay exists for arrest, it appear that information has some basis of knowledge that onformation transmitted to police is reliable. U.S.C.A.CONST.AMEND.4-People v. Crawford, 633 N.Y.S. 2d 556.

5B.     A simplified information commences a criminal action and is jurisdictionally sufficient for prosecution of the action; but only if it is issued in the prescribed form by an officer authorized to do so (C.P.L.1.20(5), 100.10(2); People v. Shapiro, 1984, 61 N.Y.S.2d 880, 474 N.Y.S.2d 470, 462 N.E.2d 1188). Since a simplified information does not establish reasonable cause, it cannot serve as the traffic information— in C.P.L.120.20(1). If the defendant does not appear, an information would be filed to obtain a warrant of arrest or a summons.

6.     Not only was Plaintiff illegally arrested on September 16, 1995, Plaintiff also was illegally Indictment by (A,D.A.NANCI SLATER), under two separate Dockets No. # 95-k070475, with a tainted and defective Felony Complaint Proceeding relating to an incident on June 23, 1995, and Docket No.# 95-k070476, with a tainted and defective Misdemeanor Complaint Proceeding relating to September 16, 1995, at the time of Plaintiff's arrest. NO!!!!! Legal Sufficient evidence relating to both incidents was presented to a single grand jury, and the grand jury allegely voted a sigle indictment No.# 12017-95; covering both incidents.

7.     In result of all this, I was given two lawyers (Robert C. Newman) and (Gregory C. Clarke) who has been misrepresenting throughout entire felony proceedure.Allowing Judge Ann Feldman and A.D.A. Nanci Slater to fish expedition for blood sample, inwhich piece of needle broke off in my right arm. Also allowing them to consolidated more charges to my original illegal Indictment No. #12017-95, without allowing Plaintiff to appear in front grand jury.(C.P.L.190.50(5)a).

8.     The action stated in statement of facts and proceeding by named defendants are IRREPARABLE INJURY, whether great or small, which ought not to be submitted to, on the one hand, or inflicted, on the other; and which because it is so large of such constant and frequent occurrence, or no certain pecuniary standard exits for the measurement of damages cannot receive reasonable redress in a court of law. Wrongs of a repeated and continuing character, or which occasion damages that are estimated only by conjecture, and not by any accurate standard, are included. The remedy for such is commonly in the nature of injunction. All the damages can NEVER, NEVER, NEVER be compensable in money. SEE: Caffery v. Powell, La.App. 320 So.2d 223, 226.

CONT...**"FACTS AND PROCEEDURAL"**

8.   The action stated in statement of facts and proceedings by named defendants are
<u>Personal Injury</u>, a great damage done to a man's person, such as a cut or bruise, a broken
limb, or the like, as distinguished from an injury to his property or his reputation. The
phrase is chiefly used in this connection with actions of tort for negligence, but the term
is also used (chiefly in statutes)as in my case, is a wider sense, and as including any in-
jury which is an invasion of personal rights, and in this signification it may include such
injuries to the person as libel or slander, criminal conversation, malicious prosecution,
false imprisonment, and mental suffering. (Gray vs. Wallace, 319 S.W.2d 582).

9.   The action stated in statement of facts and proceedings by named defendants  are
<u>Bodily Injury</u>, Physical pain, illness or any impairment of physical condition."<u>SERIOUS</u>
bodily injury means bodily injury which creates a substantial risk of death or which cause
serious, permanent disfigurement, or protracted loss or impairment of the function of any
bodily member or organ.(Model Penal Code, 210.0).

10.       <u>CLEAR AND CONVINCING PROOF</u>: Proof which should leave no reasonable doubt in the
                                  mind of the plaintiff of the facts concerning the truth
                                  of the matters in issue. In the interest of Jones, 34
                                  Ill.App.3d. 603, 304 N.E.2d 269, 274.

A. See if they had a Court Order that is <u>Legally Sufficient</u>or <u>Valid</u> to what the
   officers was telling me about it and in regarding to what it said.

B. The presence of Lawyer (Robert C. Newman) and Freedom of Religion would have
   safeguarded Plaintiff's Six, First, and Forteenth Amendment.

C. See if needle that  was used, was clean; and so-call Medical Examiner was
   <u>Valid</u> in the Medical Feild.

1A. Plaintiff should have been able to see Court Order in conforming to the law;
    according to law; required or permitted by law. SEE:Freeman V. Fowler Packing
    Co.,135 Kan. 378, 11P.2d276,277.Rule of Civil Proc. 2.

2A. Without lawyer being present Legal Malice accord, which inflicted serious bodily
    harm, wickedness of disposition, hardness of heart, cruelty, recklessness of con-
    sequences and a mind regardless of social duty which indicates an unjustified dis-
    regard for the likelihood of serious body injury and extreme indifference to the
    value of human life. see: Cmwlth. V. Coleman,455Pa.508, 312A.2d716,717.

3A. Acts of officers and acts of all other Defendants were acts of official misconduct
    Pursuant to: Penal Law 195.00,195.05(NY.S.)
    Acts under color of any law "The appearance or semblance, without the substance
    of legal right. Misuse of power, possessed by virtue of state law and made possible
    only because wrongdoer is clothed with authority of state.See: Atkins v. Lanning,
    D.C.OKL.,415 F.Supp. 186,188.

CONT...."FACTS AND PROCEEDURAL"

3A. Color of any law of a state include not only acts done by state officials within the
bounds or limits of their lawful authority, but also acts done without and beyond the
bounds of their lawful authority; See: Thompson v. Baker, D.C. ARK., 133 F. Supp. 247;
42 U.S.C.A. 19983. An also act under color of office is an act of an officer who claims
authority to do the act by reason of his or hers office, when the office does not con-
fer him or her any such authority. See: Maryland Gas. Co. v. McCormack, Ky., 488 S.M.
2d 347,352.

THERE HAS BEEN NO SHOWING OF PROBABLY CAUSE FOR ARREST, NOR FOR D.N.A. TESTING IN THE
UNCHARGE OFFENSE...

11.        Absent an adequate showing of probable cause to believe that Plaintiff was the
perpetrator of the attack on Sonya Allin, Defendant A.D.A. Nanci Slater lacked statutory
or constitutional authority to compel the taking of a blood sample from Plaintiff. See:
Matter Of Abe A.,52 N.Y.2d at 291, 293-4.................................. Plaintiff be-
lieves, The Court Order does not meet the constitutional test laid out in Matter Of Abe A
as it is not based on a showing of probable cause to believe that Plaintiff committed
the crime which resulted in possible D.N.A. material being left at the crime scene.

12.        Defendant A.D.A. Nanci Slater predicates the contention that probable cause
exists to support the motion for an order to compel the prodution of a blood sample
based on her contention that, "Probable cause is established by the suspect's unique
modus operandi, which is repeated in all three Brooklyn cases as well as the close re-
semblance [of Plaintiff] to the description given of him by Ms. Allin.

13.        The "modus operandi" alluded to by defendant refers to that of the "Park Slope
Rapist", a serial rapist of at least five woman, who followed his victim from the sub-
way to the vestibules of their apartments, accosted them by placing a knife to their
throats, sexually assaulted them either in the vestibule or forced his victims into
their apartments, donned a ski mask, or placed a ski mask on his victims, and used a
condom during his assaults. Based on the numerous detailed similarities in the com-
mission of these sexual assaults ascribed to the "Park Slope Rapist" the Police dep-
artment publicly stated, that these sexual assaults were committed by the same man.

14.        To establish probable cause to believe that Plaintiff committed the assault
against Sonia Allin, Defendant A.D.A. Nanci Slater relies on the allegation that prior
to Plaintiff illegal arrest, Plaintiff allegely followed Ms. Rodriguez, coupled with
the fact that Sonia Allin and Shirley Carel were followed before being sexually as-
saulted, plus the similarity between the assaults against Ms. Allin and Ms. Carel, and
the description of her attacker provided by Ms. Allin: male black, mid-20's about 6'0"
220 pounds, short black hair.

CONT..." FACTS AND PROCEEDURAL"

15.     That the required showing was not made is demonstrated by the following facts.

     A. Plaintiff was viewed by Sonia Allin, the victim of the uncharge rape, in a line-up in which she did not indentify Plaintiff as her attacker.

     B. Shirley Carel, the victim in the sexual assault Plaintiff is charged with, identified the photograph of another person as"looking like"the person who raped her, two months before she identified Plaintiff in the same line-up as the one viewed by Ms. Allin.

     C. Five other victims of the "Park Slope Rapist" viewed the same line-up as Ms.Carel and Ms.Allin. three woman identified a person other than Plaintiff as the man who attacked them, and the others identified a man other than Plaintiff as possibly being their attacker.

     D. At the time of his illegal arrest for the incident involving Sonia Rodriguez, Plaintiff had not followed Ms. Rodriguez from the subway, Plaintiff had not followed Ms. Rodriguez into the vestibule of an apartment building, Plaintiff was not in possession of a Knife, a ski mask, or a condom, those were all essential elements of the "M.O." Of the "Park Slope Rapist".

     E. Plaintiff's physical description----male black, mid-20's, 6'3", 240 pounds — only matches that given by victims of the "Park Slope Rapist" in ways so general as to invite similar comparison to many thousands of black men in Brooklyn alone.

### "ACKNOWLEDGEMENT NO.# 2"

The first seven pages of this complaint is an accurate and truthful, but general statements of the wrongdoings and unlawful acts of the Defendants..................................................................

At this point the Plaintiff will give specific wrongdoing of each particular Defendants whom one time or another during process, which is the subject matter of this complaint have acted in concert with one another......

To prevent Plaintiff from exercising his CONSTITUTIONAL RIGHTS of New York State and United State CONSTITUTIONAL AMENDMENTS, and violated Plaintiff rights of Due Process and Equal Protection of the Law, KNOWINGLY, WILLINGLY and INTENTIONALLY.............................................

CONT... "ACKNOWLEDGEMENT NO. # 2."

16.        Detectives Sachez, Sgt. Kennedy, and Mullhall; which are Defendants 12, 13 and 14 did not have any grounds to believe that Plaintiff was committing, had committed or was about to commit an offense. The Dectives knew Plaintiff was not following anyone, also knew there was no one around Plaintiff "Harrison when Detectives approached.

17.        The Plaintiff submits that his illegal arrest for Harrassment was not authorized, But rather arrest under false pretenses. It was a pretext devised by Police in order to seek Public Intention or support from a community that Marched 500 strong for Police Protection.

18.        Plaintiff was placed in 71st Precinct holding pin for a crime that was never committed inwhich, Plaintiff suffered seizures and Detectives denied Plaintiff medical attention, so they can conduct illegal line ups and alleged that (Shirley Carel) pick Plaintiff out. The Detectives turned the 71st Precinct into a stage performance inorder to solve their Media problem.

   a.        By comparison, in arrest cases there must be probable cause that a crime has been committed it, and that the person to be arrested committed it, which of course can exist without any showing that evidence of the crime will be found at premises under that person's control.

   b.        The Supreme Court has long expressed a strong preference for the use of arrest warrants and search warrants. Resort to the warrant process, the Court has declare, is preferred because it "interposes an orderly procedure" involving "judicial impartiality", whereby "a neutral and detached magistrate", can make "informed and deliberate determinations", on the issue of probable cause.

   c.        To leave such decisions to the police would allow "hurried action" by those engaged in the often competitive enterprise of ferreting out crime." This preference has resulted in a subtle difference between the probable cause required when there is no warrant and that required when there is. As the Court put it in <u>United States v. Ventresca</u>, "in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fail."

   d.        When the police make an arrest or search without a warrant, they initially make the probable cause decision themselves. The "on-the-scene assessment of probable cause provides a legal justifation for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest," but an ex parte "judicial determination of probable cause[is]a prerequisite to extended restraint on liberty following arrest." U.S. v. Jeffers, 342 U.S. 48, 72 S. Ct. 93, 96 L. Ed. 59.

CONT....."ACKNOWLEDGEMENT NO. # 2"

19.     Unlawful conduct by Detective Violated Plaintiff's Constitutional Rights the 4th Amendment, 8th Amendment, 9th Amendment, and the 14th Amendment. Being that one's character is a complete sum of one's thought's. Dectives used Plaintiff's existence as a escapegoat to enhance their collars and down grade the pressures from the Borhill and ParkSlope Community. See: <u>Facts and Proceedural on pg.# 5.(10)3a. Acts"under color of any Law"! An also acts under color of office.</u>

19A.     Acts where unprofessional and illegal, and had nothing to do with working as Police Officer. Upon the ground the identification procedures utilized by the Defendant 12,13, and 14 had been unduly suggestive. It also lies in question on how the line ups was conducted by Defendants 12,13, and 14...

    1. Plaintiff was traumatized and dizzy from seizure attack Plaintiff caught while in custody of Police Officers.

    2. Plaintiff woke up to E.M.S. Unit and Detectives around him and heard a Detective order E.M.S. worker to wait on taking plaintiff because Detective stated, "it would take all day"!

20.     The Acts and actions of Defendants 12, 13, and 14 was abuse of their descretion or acted in excess of Legal jurisdiction. It is also acts of Official Misconduct. Penal Law 195.00(1),(2); also see CPLR Of New YOrk Sate sec. 7803(1),(2),(3)... Their acts were also Federal Crimes pursuant to: U.S. TITLE 18 SEC. 241 & 242 ; Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life. Each Defendant 12,13,14, did conspire to deny and depriv Plaintiff's of his Rights. SEE; U.S TITLE 18,SECTIO;241.... DEFENDANTS AFTER CONSPIRIN DID IN FACT PREVENT AND DENIED PLAINTIFF FROM EXCERIZING HIS NEW YORK SATE CONSTITUTION RIGHTS, U.S. BILL OF RIGHTS AND U.S.A. CONST. RIGHTS........!!!!!!!!!

21.   <u>CASE REFERENCES: RULES OF EVIDENCE ;</u>

    1. Rules of evidence in civil cases are applicable to criminal cases.See: People v. grant, 1958, 14 misc.2d 182, 179 N.Y.S.2d 384.

    2. Proof in a criminal case may be offered by any of the methods permitted in civil cases.See: People v. Warner, 1934, 152 Misc. 607, 274 N.Y.S. 689, affirmed 244 App. Div. 833, 279 N.Y.S. 639, affirmed 269 N.Y. 597, 199 N.E. 689.

    3. The rules of evidence in civil cases are applicable to criminal cases, except that in criminal cases the jury is the exclusive judge of all question of fact. See: People v. soulle, 1913, 142 N.Y.S. 876, 30 N.Y.Cr.R. 214. See, also, Application of Grand Jury of Kings County, 1955, 286 App. Div. 270, 143 N.Y.S.2d 501.

CONT... CASE REFERENCES:

21a. CIVIL RIGHTS CASES:

1. D.C.N.Y. 1970,1975: Misconduct on part of public police officers, to extent that it infringes constitutionally rights, gives rise to civil rights action for deprivation of rights under color of state law. 42 U.S.C.A. 1983. Glover v. City of New York, 401 F.Supp. 632. Huggins v. White, 321 F.Supp. 732.

2. D.C.N.Y. 1981: Individual's constitutional rights are infringed in event he or she is arrested without probable cause and such an infringement is actionable under section of Civil Rights Act providing for Civil action for deprivation of rights. 42 U.S.C.A. 1983. Pratt v. Burke, 529 F.Supp.373.

3. Police officers who did not act in good faith in making illegal arrests were responsible for natural and normal consequences of their acts. See: Manfredonia v. Barry, 401 F.Supp. 762.

22. <u>DEFENDANTS 15 AND 16 (DISTRICT ATTORNEY CHARLES HYNES AND A.D.A. NANCI SLATER), are acting in concert with each other inwhich they refused to perform their Ethical Obligation.</u>(See:People v. Russo, 1985, 128 Misc.2d, 876, 491 N.Y.S.2d 951). Prosecuter performs a dual role as an advocate and public officer; he or she is charged with the duty not only to seek conviction, but also to see that JUSTICE is done; in his or hers position as a public officer, he or she owes a duty of FAIR dealing to the accused and candor to the courts.(See: People v. Monroe, 1984, 125 Misc.2d 550, 480 N.Y.S.2d 259.

23. Defendants 15 and 16 never safeguarded the rights of Plaintiff, they never followed the law, and never met the obigation of Truth or Justice. A.D.A. Nanci Slater knew that detectives deprived Plaintiff of his Constitutional Rights and continued the misconduct. <u>Plaintiff was denied statutory due process.</u>.. Nanci Slater, failed to file or furnish court or Plaintiff with Legally Sufficient Felony Complaint. PURSUANT: C.P.L 180.10(1)... Furthermore; "NYS" CPL 190.55(2)(a),CLEARLY states that a DISTRICT ATTORNE MUST submit to a grand jury evidence concerning a felony allegedly committed by a defendant, upon the basis of a felony complaint being filed,in the local criminal court. BROOKLYN"D.A. failed to comply with statues!!!

24. THUSFORE, all arraignment and grand jury proceeding and presentations were illegal and DEFECTIVE.... AS A RESULT OF BEING DENIED STATUTORY DUE PROCESS OF STATE LAW & "CPL"... PLAINTIFF HAS AND IS BEING ILLEGALLY IMPRISONED. FURTHERMORE; Plaintiff "NYS' CONST. & U.S.C.A. RIGHTS HAS BEEN AND STILL IS BEING VIOLATED...!!!!!!!!!!!"NYS" CONST... VIOLATIONS ART. 1,5,6,8,11,&12...U.S.C.A. VIOLATIONS ARE 1st,4th,5th,6th,8th,9th,&14th RIGHTS........(SEE: ATTACHED LEGAL STATUES)

25.      Defendant 16 (nanci Slater) presented two distinct, non-joinable offenses to the same grand jury, as it occurred in this case, was unauthorized, and did not have statutory right to join the illegal offenses. The joint presentation impaired the integrity of the grand jury proceeding, and caused prejudice to the Plaintiff, within the meaning of C.P.L. 210.35(5). See: People V. Pinkas, 156 A.D.2d 485, 548 N.Y.S.2d 767; People v. Communiello, 180 A.D.2d 809, 580.N.Y.S.2d 420, and People v. Connors, 83 A.D.2d 640. It required dismissal of the Indictment under C.P.L. 210. 20(1)(c).

26.      Based upon the fact the Defendants failed to perform duty enjoined upon them by law. See: "N.Y.S." CPIR 7803(1)(2)(3), Penal Law 195.00 and 195.05 also U.S. title 18 section 241 and 242. Plaintiff has right to bring action!!! The Defendants has subjected the Plaintiff to intentional Malice. Based on intentional doing of a wrongful act, without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent. See: Cockrell V. State, 135 Tex.Cr. R. 218, 117 S.W.2d 1105,1109,1110. Becker V. Brinkop, 230 Mo. App. 871, 78 S.W.2d 538, 541. Brown V. Kisner, 192 Miss. 746, 6 So.2d 611,617.

27.      The Defendants action has cause the Plaintiff "MALICIOUS INJURY", An injury committed against a person at the prompting of malice or hatred towards him, or done spitefully or wantonly. The willful doing of an act with knowledge it is liable to injure another and regardless of consequences. Injury involving element of fraud, violence, wantonness and willfulness, or criminality. An injury that is intentional, wrongful and without just cause or excuse, even in the absence of hatred, soite or ill will. See: Panchula v. Kaya, 59 Ohio App. 556, 18 N.E.2d 1003, 1005, 13 O.O. 301. Punitive damages may be awarded to Plaintiff for such injury.

28.      Malice is anindispenable element of malicious procecution claim under New York law and must be shown in order to proceed under section 1983. 42 U.S.C.A. 1983. Hick v. Endec, 574 F.Supp. 770, affirm 732 F.2d 142.

29.      D.C.N.Y. 1976. Conduct that may give rise to an action for malicous prosecution may also constitute a violation of section 1983 if, acting under color of state law, the defendant has thereby subjected the Plaintiff to a deprivation of constitutional magnitude. 42 U. S.C.A. 1983. Pyles v. Keane, 418 F.Supp. 269.

PG. # 12

## MEMORANDUM OF LAW:

30. RIGHTS OF ACTION: The right to bring suit; a legal right to maintain an action, growing out of a given transaction or state of facts and based thereon. Right of action pertains to remedy and relief through judicial procedure. Right of injured one to secure redress for violation of his rights. See: Feilds v. Synthetic Ropes, Inc. 9 Storey 135, 215 A.2d 427,432. A right presently to enfprce a cause of action by suit, or Federal intervention Pursuing Civil rule 5 and Civil rule 224 A and C, also Temporary Restraining Order; Pursuing to Covil rule 65(B),(T.R.O.). See: Mac-Mahon v. U.S., C.A.PA., 486 F.2d 227,230.

31. DEFENDANTS 1 AND 2 HONORABLE JUDGE ANN FELDMAN AND HONORABLE JUDGE JOANN FERDINAND have both acted under the color of law, KNOWING,WILLINGLY, AND INTENTION-ALLY. Depriving Plaintiff due process of law and equal protection of law. They had No legal jurisdiction to commence any proceeding in matter now known as IND.# 12017/95 and the charges therein. Therefore based upon the fact the Defendants failed to perform duty enjoined upon them by law. See: "N.Y.S." CPLR 7803(1)(2)(3), Penal law 195.00 and 195.05 also U.S. title 18 sec. 241 and 242. Plaintiff has right to bring action!!! The Defendants has subjected the Plaintiff to intentional Malice. Based on intentional doing of a wrongful act, without jus cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent. See: Cockrell v. Sate, 135 Tex.Cr.R. 218, 117 S.W.2d 1105,1109,1110. Becker v. Brinkop, 230 Mo. App. 871, 78 S.W.2d 538, 541. Brown v. Kisner, 192 Miss. 746, 6 So.2d 611,617.

32. When a Judge acts in a non-judicial capacity he or her pro tanto loses his or her absolute immunity and is subject to liability as any other state official. See:Lynch v. Johnson, 420 F.2d 818(6th Cir.1970) Cf Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1879). Both Judges violated there CODE OF JUDICIAL CONDUCT:

CANON:

1. A Judge should uphold the integrity and independence of the judiciary.
2. A Judge should avoid impropriety and the appearance of impropriety in all his or hers activities.
3. A Judge should be preform the duties of his or hers office impartially and diligently.
4. A Judge may engage in activities to improve the law, the legal system, and the administration of justice.

According to New York State Judicial Cannon a Judge should be an independent and honorable judiciary justice in our community. A judge should participate in establishing, maintaining and enforcing, and should observe high standard of conduct;so that the integrity and independence of the judiciary may be preserved.......

CONT...ON DEFENDANT 1 AND 2

33.    Defendant 1 Judge Ann Feldman failed to Honor her codes of judicial conduct by allowing a defective and illegal felony complaint proceeding to continue in her court room. Judge Ann Feldman contributed and conspired with A.D.A.Nanci Slater in allowing illegal and defective felony proceeding....

1. Plaintiff never received a Felony Complaint at arraignment before a local criminal court, in accordance with C.P.L.180.10(1)[Where the court must furish the defendant with a copy of the felony complaint].

2. There was no complaint to establish reasonable cause to believe that Plaintiff committed the crime charged.See: People v. Dumas 1986 68 N.Y.S.2d 729, 506 N.Y.S.2d 319 497 N.E.2d 686.

3. Also accordance to C.P.L. 100.15(1(3), a misdemeanor complaint and felony complaint must each specify the name of the court which it is filed and the title of action, and it must be subscribed and verified by a person known as the complainant. Also fact part of such instrument must contain a statement of the complaint alleging facts of an evidentiary character supporting or tending to supporting the charges. See: People v. Stanton 419 N.Y.S.2d 717.

4. Criminal action commences with filing of accusatory instrument, which includes felony complaint. C.P.L.1.20,subds.1,8,17. See: People v. Holcombe 426 N.Y.S.2d 121.

5. Also See: C.P.L.100.10(1),(4),(5). A "misdemeanor complaint" is a verified written accusation by a person, filed with a local criminal court, and a "felony complaint" is a verified written accusation by a person, filed with a local criminal court....

34.    Motions for reassignment of consel and dismissal of Indictment was calling for Judge Ann Feldman attention. But was ignored with bias and prejudice intent. Judge stated on record,"That she does not respect jail house motions." That was in violation of CONST. ART. 1.6: U.S.C.A. CONST. AMEND. 6. Right to consel constitutionally guaranteed to an indigent defendant in a criminal case requires that legal assistance provided must be "effective"and, to insure that it is, trial judges have a continuing duty to see to it that the proceeding are conducted with solicitude for the essential rights of the accused and also to carefully evaluate serious complaints about consel. See: People v. Medina 404 N.Y.S.2d 588.

35.    Motions of reassignment was put in at the pre-stages of the illegal felony proceedures because I continually was pointing out to my former lawyer (Robert C. Newman), "that the A.D.A. (Nanci Slater) has sought to gain a C.P.L.190.50(5)(a) advantage, by improperly utilizing C.P.L.180.80(1)"

<u>CONT... ON DEFENDANTS 1 AND 2</u>

35A. Defendant 1 Judge Ann Feldman, also ignored the motion for dismissal of indictment that was put in by Plaintiff's former lawyer (Robert C. Newman). It was on the grounds that two distinct, non-joinable offenses was presented to the same grand jury; that was unauthorized, and the A.D.A. Nanci Slater did not have the statutory right to join the illegal offenses; inwhich the joint presentation impaired the integrity of the grand jury proceeding, and caused extreme prejudice to the Plaintiff; in accordence and pursuant to C.P.L. 190.55(2),(a),C.P.L. 210.20(1),(c), and C.P.L. 210.35(5).

36. Defendant 2 Judge JoAnn Ferdinand acted in clear absence of jurisdiction when she conspired and contributed with Judge Ann Feldman, and A.D.A. Nanci Slater in issuing a court order for blood sample from Plaintiff. Judge JoAnn Ferdinand issued an order to take blood samples from Plaintiff even though the application by A.D.A. Nanci Slater failed in two ways to meet the exacting standards mandated by the Court Of Appeals. First the A.D.A. Nanci Slater merely asserts that she has recovered spermatozoa from the crime scene of the uncharged sexual assault on Sonya Allin, but not that it has been tested to determine if it will yield forensically sufficient identifying characteristics for accurate D.N.A. comparison.

37. Thus, she has not shown a "clear indication" that relevant evidence will be found. See: <u>Matter Of William D. 539 N.Y.S.2d 451,453(2nd Dept. 1989); Matter Of David M. 107 A.D.2d 884(3rd Dept. 1985); Matter Of Brown 101 A.D.2d 674(3rd Dept. 1984)</u>. Second, the A.D.A. Nanci Slater has made an inadequate showing of probable cause to believe that Plaintiff committed the sexual assault of Sonya Allin. See: Matter Of Abe A. 56 N.Y.2d at 292. At a proceeding before defendant 2 Judge Joann Ferdinand on December 22, 1995 in part-4 of Brooklyn Supreme Court, a consel other than the Plaintiff; (because Plaintiff consel was apparently on vacation), opposed the drawing of blood absent a showing that the people actually possessed a genetic print on which a comparison could be performed.

38. In response, A.D.A. Nanci Slater implicitly conceded that the prosecution cannot demonstrate that the crime scene sample actually is capable of comparison to Plaintiff D.N.A., but argued that preliminary testing of the sample would be prohibitively expensive. It's extremely outrageous how Judge JoAnn Ferdinand granted the application for a blood sample based upon the people's affidavit, which did not comply with the requirements set forth in <u>Matter Of Abe A.</u> also despite the fact that Plaintiff had been placed in a line-up inwhich Sonya Allin did not identify Plaintiff as her attacker; and that victims of five other related uncharged incidents identified a person other than Plaintiff as their attacker, and that the facts surrounding the illegal arrest of Plaintiff differ vastly from those involved in the attack on Sonya Allin.

CONT..."ACKNOWLEDGEMENT NO. # 2"

40.    Defendant 17 and 18 Lawyers(ROBERT C. NEWMAN) and (Gregory C. Clarke) have both acted under the color of law, KNOWINGLY, WILLINGLY, AND INTENTIONALLY. Depriving Plaintiff due process of law and equal protection of law. The lawyers knew the Judges, District Attorneys, Dectives, and Correctional Officers had no legal jurisdiction to commence any proceeding in the matter now known as INDICTMENT NO. # 12017/95 and the charges therein. Therefore based upon the fact the Defendants failed to perform duty eenjoined upon them by law. SEE:"N.Y.S." CPLR 7803(1),(2),(3),Penal Law 195.00 and 195 .05 also U.S. Title 18 Sec. 241 and 242. Plaintiff has the right to bring action!!!!! The Lawyers has subjected the Plaintiff to INTENTIONAL Malice. Based on intentional do- ing of a wrongful act, without just cause or excuse, with an intent to inflict an in- jury or under circumstances that the law will imply an evil intent.SEE: Cockrell v. State 135 Tex.Cr.R. 218, 117 S.W.2d 1105,1109,1110. Also SEE: Becker v. Brinkop 230 Mo. App. 871, 78 S.W.2d 538, Brown v. Kisner 192 Miss. 746, 6 So.2d 611,617.

41.    BOTH LAWYERS VIOLATED THERE CODES OF PROFESSIONAL RESPONSIBILITY:
CANNONS:    1. A LAWYER SHOULD ASSIST IN MAINTAINING THE INTEGRITY AND COMPETENCE OF THE LEGAL PROFESSION.
           2. LAWYERS SHOULD ASSIST THE LEGAL PROFESSION IN IN FULFILLING IT'S DUTY TO MAKE LEGAL COUNSEL AVAILABLE.
           3. A LAWYER SHOULD ASSIST IN PREVENTING THE UNAUTHORIZED PRACTICE OF LAW.
           4. LAWYERS SHOULD PRESERVE THE CONFIDENCES AND SECRETS OF A CLIENT...
           5. A LAWYER SHOULD EXERCISE INDEPEDENCE PROFESSIONAL JUDGEMENT ON BEHALF OF A CLIENT.
           6. A LAWYER SHOULD REPRESENT A CLIENT COMPETENTLY.
           7. A LAWYER SHOULD REPRESENT A CLIENT ZEALEOUSLY WITHIN THE BOUNDS.
           8. A LAWYER SHOULD ASSIST IN IMPROVING THE LEGAL SYSTEM.
           9. A LAWYER SHOULD AVOID EVEN THE APPEARANCE OF PROFESSIONAL IMPROPRIETY.

42. Defendant 17 Lawyer (robert C. Newman) failed to honor his ethical obligation and re- sponsibility by allowing an illegal felony complaint proceeding to continue knowing that A.D.A Nanci Slater has sought to gain a C.P.L. 190.50(5)(a) advantage, by improper use of C.P.L. 180.80(1). At pre-stages of the illegal felony complaint proceeding, Plaintiff merely pointed this out to Defendant 17 (Robert C. Newman), inwhich he stated off the re- cord in holding pin area, "that you will never get a fair chance in front of Judge Ann Feldman because she lives in the same community where the offenses took place, and she is going to make an example out of you!"

CONT...."ACKNOWLEDGEMENT NO. # 2

43.     I ordered former lawyer Defendant 17 a number of times to put in a motion of
RECUSAL becuse it's quite evident that Judge Ann Feldman is not being impartial when
she is allowing a illegal felony complaint proceeding to contiue in her court room.
Defendant ignored my concerns of fairness and allowed as well as contributed in the
wrongful acts done by each defendant.

    1. Defendant 17 was ineffective by allowing felony procedure to contiue without
      a felony complaint furnished by local criminal court (C.P.L. 180.10(1).

    2. Defenadant 17 was ineffective by allowing A.D.A. Nanci Slater have a hearing
      without him being present on D.N .A. BLOOD SAMPLE from Plaintiff without D.N.A.
      MATERIAL OR DISCOVERY from UNCHARGE CRIME.

    3. Defendant 17 was ineffective when did not go PROHIBITION to prohibit order of
      Brooklyn Supreme Court. Defendant clearly knew that Prohibition was the right
      avenue to go becausehe cited cases on prohibition (Barber v. Rubin 424 N.Y.S.2d
      453), in his order to show cause for a stay C.P.L.R.7805.

    4. The Law requires in the matter of Barber v. Rubin that PROHIBITION is a proper
      remedy to review a order of Supreme Courts. Unless Defendant 17 (Robert C. New-
      man) is incompotent he knew he use the wrong remedy.

44.     The Plaintiff did file for the Recusal of the Judge Ann Feldman, in Febuary 1996.
The Recusal Motion was in accordance to prejudice and bias acts of Judge Ann Feldman also
it was a conflict of interest for Judge Ann Feldman to proceed with Plaintiff illegal fel-
ony proceeding, due to the mere fact that Judge Ann Feldman is trying to make Plaintiff an
example)for her community, inwhich the crimes took place. This was told to Plaintiff by Defendant
17 (Robert C. Newman).

45.     The Defendant 1 (Judge Ann Feldman) denied the Recusal Motion and irronically now
dismisses Defendant 17 (Robert C. Newman) off the case. The Court re-assigned Plaintiff ..
with another ineffective, unprofessional, unethical, and irresponsible lawyer on the face
of the Planet Earth, Which is Defendant 18 (Gregory C Clarke)....

    1. Defendant 18 is extremely arrogant and ill mannered towards Plaintiff's MOTHER in
      and out of court room, and also telling Plaintiff's mother that she is not paying
      him any money for all the question she wants answered, and all the work she wants
      done.

    2. Defndant 18 told Plaintiff he did not have the Legal right to appear in front of
      Grand Jury for new illegal charges that suppose to have been presented to another
      Grand Jury.

<u>CONT...</u>"ACKNOWLEDGEMENT NO. # 2

45A.3. Defendant 18 is ineffective by allowing A.D.A.Nanci Slater to illegally consolidate
   uncharged charges to Plaintiff original illegal Indictment No.# 12017/95.

   4. Plaintiff told Defendant 18 (Gregory C. CLarke) about a peice of needle still embedded
   in Plaintiff right hand, that broke off in Plaintiff right arm and moved down to low-
   er right hand. Defendnt 18 told Plaintiff that Plaintiff problem, and there's nothing
   he going to do about it.....

46.                    <u>FEDERAL CRIMINAL LAW.....CASES</u>:

   C.A.109Kan)1996: Sixth Amendment entitles criminal defendant to effective assistance
            of competent counsel. SEE: <u>Edens v. Hannigan 87 F.3d 1109</u>.
   Standard for attorney performance is that of reasonably effective assistance, <u>U.S.C.A.</u>
   Const...Amend.6..............................................................

47.                    <u>FEDERAL CIVIL ACTION</u>:

   C.A.11(Ga.)1996 Initial inquiry in Federal Civil Rights action is whether person en-
            gaged in conduct complained of was acting under the color of state law,
            and whether alleged conduct deprived person of rights, privileges, or
            immunities guaranteed under Constitution or Laws of the Inited States.
            SEE: 42 U.S.C.A. 1983—Duke v. Cleveland 87 F.3d 1226................

48.        <u>Defendants 7,8,9,10,12, and 19, Which are (C.O.Hodge #11923),(C.O.Steward),(C.O.
   Nelson),(NINE JOHN DOES CORRECTIONAL OFFICERS),(DETECTIVE HECTOR L.SANCHEZ),and (JOHN
   MEDICAL EXAMINER)</u>. Acts of all Defendants wre Acts of Official Misconduct, Pursuant to:
   N.Y.S.Penal Law 195.00, 195.05 and Acts"under the color any law! The Defendants deprive
   Plaintiff of his <u>CONSTITUTIONAL RIGHTS,The 1st Amendment, 4th Amendment, 8th Amendment,
   9th Amendment,</u> and the <u>14 Amendment</u>.

50.        It's long been settled in <u>People v. Isaacson 406 N.Y.S.2d 714,</u> where the Defend-
   ants obtain evidence by brutalizing Plaintiff, and evidence resulting from such methods
   offends due process; even where a defense of entrapment is not made out because of pre-
   disposition of the Plaintiff to commit the crime, Defendants misconduct have warrant dis-
   missal on due process grounds.

51.        To <u>CHAIN</u>, <u>HANDCUFF</u>, and <u>SHACKLE</u> Plaintiff in-order to take blood was the most out-
   rageous Acts of Official Misconduct done by Defendants 7,8,9,10,12 and 19. The Defendants
   acted with Malice and wre wilful and wanton in-their Acts thereinabove mentioned using ex-
   cessive force; although unnecessary...........................................

<u>CONT...."ACKNOWLEDGEMENT NO. # 2</u>

52.     All Correctional Officers (Defendants 7,8,9,10) conspired with Detectives Hector L. Sanchez (Defendant 12), and John Doe Medical Examiner (Dendant 19), to inflict cruel and unusual punishment by puncturing holes in Plaintiff right arm; while he was <u>CHAINED UP, HANDCUFFED, AND SHASKLED</u>. This was improper and unwarranted Police solictation of crime, there is need for courts to recognize and to uphold principles of due process,<u>SEE: United States v. Iue 9 Cir..498 F.2d 531;SEE: also. Comment. Viability of the Constitucio-al Context. 59 Iowa L.Rev. 655; cf. People v. Joyce. 47 A.D.2d 562,564. 363 N.Y.S.2d 634, 637....U.S.C.A. CONST. AMENDS.4.8.9.14.</u>...............

53.     Not only was Plaintiff treated CRUEL and UNUSUAL by Defendants 7,8,9,10,and 19; he also was not afforded to exercise his religious freedom guaranteed by the First and Four-teeth Amendments without fear of penalty. Plaintiff notified Defendants that he was a Muslim, and that he was Fasting for the month of RAMADAN; Plaintiff also asked Defendants for the presence of a Correctional IMAN. Instead of safeguarding the Plaintiff Constitu-tional Rights, Defendants commenced into <u>HANDCUFFING, CHAINING</u>, and <u>SHACKLING</u> Plaintiff up in-order to proceed into <u>BODY INTRUSION</u>, SEE: <u>Cruz v. Beto 92 S.Ct. 1079</u>................

54.     Defendants 7,8,9,10, and 19 also violated right to assistance of counsel in-order to safeguard substantive and procedural rights. Plaintiff asked Defendants several times to contact his Lawyer, and also Plaintiff wanted the presence of his Lawyer; Instead of safe-guarding Plaintiff's rights, Defendants commenced into <u>HANDCUFFING, CHAINING, AND SHACKLING</u> Plaintiff up in-order to proceed into <u>BODY INTRUSION</u>.....................................
Plaintiff is entitled to the assistance of an attorney at any stages of the prosecution. SEE: <u>People v. Settles 412 N.Y.S.2d 874, People v. Rogers 422 N.Y.S.2d 18, People v. Shawn 486 N.Y.S.2d 607, People v. Gonzalez 208 A.D.2d 860, People v. Butler 436 N.Y.S.2d 76, People v. Hobson 384 N.Y.S.2d 419, U.S. v. Jamil 546 F.Supp. 646, People v. Cawly 559 N.Y. S.2d 474, People v. Wagner 479 N.Y.S.2d 66, People v. Carmine Dibiasi 7 N.Y.S.2d 544, People v. Jackson 545 N.Y.S.2d 95.</u>

55. (A)   <u>Defendants 20,21,22;Which are (Sonia Rodriguez),(Shirley Carel),(Sonya Allin) are subjected to "Bad Faith" and Fraud!</u> These Defendants conspired with other Defendants in sy-nonyms of dishonesty, infidelity, faithlessness, perifidy, perjury, and unfairness. Defend-ants 20,21,22 acted in concert with Defendants 12,13,14,15,16. It is consisted of deceitful false written statements in the first degree(N.Y.S.P.L.175.35). In resorted to, with intent to deprive Plaintiff of his rights, which resulted to Malice and serious physical body in-juries.

(B) DEFENDANTS(20)(21)(22), HAVE ALL FALSELY AND KNOWINGLY,
    IMPLIED,UTTERED,INFERED,BOTH IN WRITTING AND ORALLY.TO FALSE INFORMATION
    CAUSING PLANITIFF ,GREAT HARM,DAMAGES,AND UN-DUE HARDSHIP... AS A DIRECT
    RESULT OF THEIR WRONG DOINGS.....

## CONT...."ACKNOWLEDGEMENT NO. # 2

56.    Defendants 20,21,22 has also committed perjury as to a matter of fact, opinion, belief or knowledge made by them in a judicial illegal felony proceeding. A supporting disposition(AFFIDAVIT), signed by defendant 12 (Hector L. Sanchez) was from false allegations made by Defendants 20,21,22. NOTE:(INWHICH PLAINTIFF NEVER RECEIVED). Either upon oath, whether such evidence is given in open court, or in an affidavit, or otherwise, such assertion being material to the issue or point of inquiry; and known to such witness to be false. SEE:N.Y.S. P.L.(210.20).........................................

### MEMORANDUM OF LAW

A.    PERJURY IS A CRIME COMMITTED WHEN A LAWFUL OATH IS ADMINISTERED, IN SOME JUDICIAL PROCEEDING, TO A PERSON WHO SWEARS WILLFULLY, ABSOLUTELY, AND FALSELY, IN A MATTER MATERIAL TO THE ISSUE OR POINT IN QUESTION.SEE: GATEWOOD V. STATE,15 MD.APP. 314, 290 A.2d 551, 553.

B.    A PERSON IS GUILTY OF PERJURY IF IN ANY OFFICIAL PROCEEDING HE OR SHE MAKES A FALSE STATEMENTS UNDER OATH OR EQUIVALENT AFFIRMATION, OR SWEARS OR AFFIRMS THE TRUTH OF A STATE MENT PREVIOUSLY MADE, WHEN THE STATEMENT IS MATERIAL AND HE DOES NOT BELIEVE IT TO BE TRUE SEE: MODEL PENAL CODE,& 241.1. SEE ALSO 18 U.S.C.A.& 1621 & 1622...........................

C.    ### UTTERANCE..................

IS TO DECLARE  OR ASSERT, DIRECTLY OR INDIRECTLY, BY WORDS OR ACTIONS, EITHER IMPLIED OR REFERRED. SOME ASSERTION, RESFRESENTION OR CLAIM IS MADE TO ANOTHER IN SOME WAY OR MANNER, DIRECTLY OR INDIRECTLY, EXPRESSLY OR IMPLIEDLY, OR BY WORDS OR CONDUCT, INWHICH DEFENDNTS, 20, 21, 22, USED TO ACCOMPLISH CHIEF EVIL...........

..........Carr v. United States C.A.Tenn. 278 F.2d 702, United States v. Maybury, C.A.N.Y. 274 f.2d 899, French v. United States C.A.La. 232 F.2d 736.
CHIEF EVIL,BEING FALSE UTTERANCE'S KNOWINGLY AND WILLINGLY FOR THE PURPOSE OF A MIS-CARRIAGE OF JUSTICE....

D.    ### ACTIONABLE FRAUD...........

A FALSE REPRESENTATION MADE WITH AN INTENTION TO DECEIVE; MAY BE COMMITTED BY STATING WHAT IS KNOWN TO BE FALSE OR BY PROFESSING KNOWLEDGE OF A STATEMENT WHICH IS FALSE, BUT IN EITHER CASE, THE ESSENTIAL INGREDIENT IS A FALSEHOOD UTTERED WITH INTENT TO DECEIVE. TO CONSTITUTE "ACTION FRAUD" IT MUST APPEAR THAT DEFENDANT MADE A MATERIAL REPRESENTATION; THAT IT WAS FALSE; THAT WHEN DEFENDANTS MADE IT, KNEW IT WAS FALSE, OR DEFENDANTS MADE IT WITH THE INTENT; AND THAT PLAINTIFF THEREBY SUFFERED INJURY. SEE: VERTES V. GAC PROPERTIES INC. D.C.FLA. 337 F.SUPP. 256,266........

ACTIONS REQUESTED....

57. (1). PLAINTIFF WOULD LIKE AMENDMENT COMPLAINT PUT IN PLACE OF ORIGINAL."FORTHWITH"
THE PLAINTIFF AMENDMENT COMPLAINT RELATES BACK TO THE ORIGINAL COMPLAINT, THE
SUBJECT OF IT AROSE OUT OF THE TRANSACTION SET FORTH IN THE ORIGINAL PLEADING.
SEE: FED.R.CIVIL P. 15(C). ALSO SEE: TEXAS CO.V.FORT 168 TENN. 679. 80 S.W.2d
658.660.

(2). WHEREFORE THE PLAINTIFF PRESENT THIS CLAIM AND REQUEST THAT THE COURT REQUIRE
THE EACH SAID DEFENDANT TO PAY THE DAMAGES IN THE AMOUNT OF ONE MILLION($1,000,
000,000)DOLLARS.....%....AND THAT THE COURT REQUIRE THAT EACH SAID DEFENDANT TO
MAKE ADJUSTMENT AND PAYMENT IN-WHICH THE COURT NOTIFIES EACH SAID DEFENDANT THAT
UNLESS ADJUSTED AND PAID WITHIN (90) DAYS OF THE DATE OF THIS PRESENTATION, IT
IS THE INTENTION OF THE UNDERSIGNED TO COMMENCE AN ACTION PER DEFENDANT IN THE
AMOUNT OF ONE MILLION($1,000,000,000)))DOLLARS.

(3). PLAINTIFF PRESENTS THIS CLAIM AND WHERE IT IS STATED THAT THE ACTIONS OF EACH
SAID DEFENDANTS IN UNCONSTITUTIONAL THAT THE COURT ISSUE AN PROBE INVESTAGATION
ON EACH DEFENDANT NAMED IN COMPLAINT. PLAINTIFF REQUEST THAT EQUAL PROTECTION OF
LAW BY THE JURISDICIAL DEFENDANT NAMED IN THIS COMPLAINT.........

(4). REQUEST THE COURT TO ORDER THE UNITED STATES JUSTICE DEPARTMENT(IN WASH. D.C.) TO
INVESTAGATE ALL THE ALLEGATIONS STATED HEREIN BY THE PLAINTIFF AGAINST THE DEFEND-
ANTS. INVESTAGATION BY CIVIL RIGHTS'DIVISION AND CRIMINAL DIVISION REQUESTED AS WELL
AS.

(5). REQUEST THE COURT TO ISSUE A ORDER OF PROTECTION AND A RESTRAINING ORDER AGAINST TH
DEFENDANTS FOR THE PLAINTIFF.

(6). REQUEST THE COURT TO PRIVIDE PLAINTIFF WITH COURT ORDER FOR USE OF LAW LIBRARY FACI
LITIES FOR NINE HOURS PER DAY, ALSO ONE HOUR TELEPHONE USEAGE OF A TOLL FREE NON-
COMPUTERIZED TELEPHONE, AND ALSO ACCESS TO COPY MACHINE TO MAKE AS MANY COPIES AS
NEEDED,TO COMPLY TO ALL LEGAL FILING USEAGE, TYPERWRITERS AND SUPPLY; PENS, PAPER,
TYPINGPAPER,EVELOPES AND ETC... AND THAT ALL LEGAL MAIL GO OUT IN 24 HOURS.

(7). REQUEST A "EQUITABLE LIEN" ON EACH DEFENDANTS PAY CHECK, IN THE AMOUNT OF 50%, TO
BE PLACE IN A ESCROW ACCOUNT. FOR THE DURATION OF THIS ACTION... ALSO THE PENSION
FUNDS OF EACH DEFENDANT BE ATTACHED FOR 50% OF THE PRINCIPLE AMOUNT REQUESTED BY
THE PLAINTIFF AND THOSE FUNDS TO BE PLACED IN A SEPARATE ESCROW ACCOUNT........

(8). REQUEST RIGHT TO FURTHER ACTION WITH GOOD CAUSE SHOWN REGARDING FURTHER LEGAL MAT-
TERS...............