UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

TONY HARRISON,

                Plaintiff,

  - against -

NYC DEPT OF CORRECTIONS, JUDGE
ANNE FELDMAN, JUDGE JOANN
FERDINAND, STATE OF NEW YORK,
CITY OF NEW YORK, CO HODGE,
CO NELSON, CO STEWART, NYC
POLICE DEPT., NYC POLICE
OFFICER DET. SANCHEZ, DET SGT
KENNEDY, DET MULLHALL,
BROOKLYN DISTRICT ATTORNEY,
ASSISTANT DISTRICT ATTORNEY
NANCI SLATER, LEGAL AID SOCIETY,

                Defendants

----------------------------------X

96 Civ 1465 (S.J.)

Pro se



**MEMORANDUM OF LAW ON BEHALF OF
DEFENDANTS HONORABLE JO ANN FERDINAND AND ANNE G. FELDMANN,
IN SUPPORT OF THEIR MOTION TO DISMISS**

                Respectfully submitted,

                DENNIS C. VACCO
                Attorney General of the
                  State of New York
                <u>Attorney for Defendant Justices</u>
                120 Broadway
                New York, New York 10271
                212-416-8559

JOSEPH D. MIRABELLA
Assistant Attorney General
    <u>Of counsel</u>

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```

TONY HARRISON,

                        Plaintiff,

   - against -                    96 Civ 1465
                                                (JS)
NYC DEPT OF CORRECTIONS, JUDGE      Pro se
ANNE FELDMAN, JUDGE JOANN
FERDINAND, STATE OF NEW YORK,
CITY OF NEW YORK, CO HODGE,
CO NELSON, CO STEWART, NYC
POLICE DEPT., NYC POLICE
OFFICER DET. SANCHEZ, DET SGT
KENNEDY, DET MULLHALL,
BROOKLYN DISTRICT ATTORNEY,
ASSISTANT DISTRICT ATTORNEY
NANCI SLATER, LEGAL AID SOCIETY,

                        Defendants

```
----------------------------------X
```

**MEMORANDUM OF LAW ON BEHALF OF
DEFENDANTS HONORABLE JO ANN FERDINAND AND ANNE G. FELDMANN,
IN SUPPORT OF THEIR MOTION TO DISMISS**

<u>**PRELIMINARY STATEMENT**</u>

      This memorandum of law is respectfully submitted on behalf of defendant Honorable Jo Ann Ferdinand, Acting Justice of the Supreme Court of the State of New York, Kings County, and the Honorable Anne G. Feldman, Judge of the New York State Court of Claims in support of their motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the grounds that: 1) plaintiff fails to state a claim under 42 U.S.C. § 1983; 2) plaintiff's claims are barred by the Eleventh Amendment; 3) the defendant Justices are absolutely immune from liablity; and, 3) plaintiff's claim for declaratory relief are barred by the <u>Rooker-Feldman</u> doctrine and the principles of abstention and

comity.

## STATEMENT OF THE CASE

Plaintiff was arrested on September 16, 1995 in connection with a series of rapes that had occurred in the Park Slope area of Brooklyn. (Complaint at Acknowlegdement No. #1). By this action, plaintiff challenges his criminal court proceeding. Plaintiff alleges that defendant Justice Feldman has conspired with defedant ADA Slater to prosecute plaintiff without cause. (Complaint, ¶ 33). Plaintiff also complains that defendant Justice Feldman, because of alleged bias and prejudice, has repeatedly denied his motions for reassignment of counsel and dismissal of the Indictment. (Complaint, ¶¶34-5).

Plaintiff also alleges that defendant Justice Feldman impermissably used her alleged friendship with defendant Justice Ferdinand to make Justice Ferdinand sign an order to draw a blood sample from plaintiff. (Complaint, ¶¶ 36-37).

Plaintiff seeks one million dollars in damages from each defendant, orders of protection and restraining orders against each defendant, an investigation into his entire case by the United States Justice Department and liens against both defendants Justices' paychecks and pensions for 50% of the amount in each account.

**ARGUMENT**

**POINT I**

**THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

A. Standard for a Motion to Dismiss

Federal Rules of Civil Procedure Rule 12 provides for dismissal of an action where a plaintiff has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, a Court must assume the facts alleged by the plaintiff to be true and must liberally construe them in the light most favorable to the plaintiff. Easton v. Sundram, 947 F.2d 1011, 1014 (2d Cir. 1991), cert. denied, 504 U.S. 911 (1992). Therefore, "the court should not dismiss the complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Ricciuti v. NYC Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991). "[T]he court's task on a Rule 12(b)(6) motion is not to rule on the merits of plaintiff's claims, but to decide whether, presuming all factual allegations of the complaint to be true, and drawing all reasonable inferences in the plaintiff's favor, the plaintiff could prove any set of facts which would entitle him to relief." Weiss v. Wittcoff, 966 F.2d 109, 112 (2d Cir. 1992).

In this case, this Court should grant State defendants' motion to dismiss because the allegations fail to state a claim pursuant to Supreme Court's ruling in Heck v. Humphrey, -- U.S. --, 114 S. Ct. 2364 (1994), as a matter of law.

### B. Plaintiff Fails to State a § 1983 Claim as a Matter of Law

The Supreme Court has addressed the issue of bringing suit under 42 U.S.C. § 1983 for alleged civil rights violations that occurred during the course of a plaintiff's criminal trial in the landmark case of <u>Heck v. Humphrey</u>, -- U.S. --, 114 S. Ct. 2364 (1994). The <u>Heck</u> Court held that plaintiff cannot challenge the constitutionality of his conviction or imprisonment in a suit for damages under 42 U.S.C. § 1983. 114 S.Ct at 2368, 2374. Here, plaintiff invites this Court to investigate and determine whether decisions made by Justices Feldman and Ferdinand during the course of plaintiff's state criminal proceedings were constitutionally impermissable. This the Court may not do.

The <u>Heck</u> Court opined that, "[e]ven a prisoner who has fully exhausted available state remedies has <u>no cause of action under § 1983</u> unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. <u>Id.</u> 114 S. Ct. at 2373 (emphasis added); <u>see also</u>, <u>Tavarez v. Reno</u>, 54 F.3d 109, 110 (2d. Cir 1995). Thus, plaintiff's action is not only premature but, at this juncture, prohibited. Accordingly, defendants are entitled to dismissal of the action.

### C. Plaintiff Fails to State a Claim For Conspiracy

Plaintiff alleges that the defendant Justices conspired between themselves and with defendant ADA Slater to continue the prosecution of plaintiff's criminal case. (Complaint ¶¶ 33, 36, 37). He fails to provide one iota of evidence to support his

4

allegations of conspiracy. Plaintiff's allegations, standing alone, are insufficient to state a conspiracy claim.

Where a plaintiff cannot state a claim for a constitutional violation, any claim for conspiracy must be dismissed. See e.g. Dean Tarry Corp. v. Friedlander, 650 F. Supp. 1544 (S.D.N.Y.) aff'd., 826 F.2d 210 (2d Cir. 1987)(plaintiff must prove deprivation of specific protected constitutional right to sustain conspiracy claim). Here, plaintiff does not have a viable constitutional claim against the defendant Justices. Accordingly, plaintiff has failed to state a claim for relief.

### POINT II

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIM THAT JUSTICES FELDMAN AND FERDINAND'S ACTIONS WERE INCORRECT**

Plaintiff claims that Justices Feldman and Ferdinand's orders should be reviewed to see if the Justices rendered appropriate decisions. What plaintiff's complaint really seeks, therefore, is to have this Court collaterally review Justices Feldman and Ferdinand's determinations and orders. This Court lacks the subject matter jurisdiction to do so.

"The jurisdiction possessed by the District Courts is strictly original." Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923). Thus, the district courts "do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was

unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486. As such, the district courts have no power to review state court proceedings. The only permissible review is by the superior state court and/or the Supreme Court. Id. 460 U.S. at 482-84, (citing Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970) ("Lower federal courts possess no power whatever to sit in direct review of state court decisions."), accord, Tang v. Appellate Division of New York Supreme Court, First Department, 487 F.2d 138, 141-143 (2d Cir. 1973), cert. denied, 416 U.S. 906 (1974).

Here, plaintiff invites this Court to review and set aside, inter alia, Justices Feldman and Ferdinand's decisions regarding plaintiff's criminal case. However, this Court lacks subject matter jurisdiction to do so. Indeed, to permit plaintiff's attempted collateral attack on Justices Feldman and Ferdinand's findings and decisions would violate the principles of federal-state jurisdiction as enunciated in the Rooker-Feldman doctrine and discredit the judicial authority of the state courts.

Moreover, though plaintiff purports to assert a constitutional claim that the challenged decision was unconstitutional, these alleged claims are "inextricably intertwined" with the merits of the orders rendered in the state court. As such, "the district court is in essence being called upon to review the state court decision[s]. This the district court may not do." District of Columbia Court of Appeals v.

6

Feldman, 460 U.S. at 483-484, n. 16. Accordingly, the complaint should be dismissed for lack of subject matter jurisdiction.

### POINT III

**THIS COURT SHOULD ABSTAIN, OR DECLINE ON THE BASIS OF COMITY, FROM HEARING AND DETERMINING MATTERS RAISED IN THE COMPLAINT**

Assuming *arguendo*, that plaintiff has stated a claims under § 1983 and the Rooker-Feldman doctrine did not apply to bar this action, the complaint should be dismissed on the basis of the doctrine of abstention enunciated in Younger v. Harris, 401 U.S. 37 (1971). This doctrine counsels against a federal court's involvement in areas that are committed to the jurisdiction of state bodies, and is derived from fundamental principles of federalism and comity. Id.; Huffman v. Pursue, Ltd., 420 U.S. 592 (1975). The doctrine urges "federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings..." Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 237 (1984).

To determine whether abstention is required, a district court should consider (1) whether a state court proceeding is pending at the time of the filing of the federal suit; (2) the magnitude of the state's interest in the proceeding; and (3) whether the federal plaintiff had the opportunity to litigate the federal issues in state court. Christ the King Regional High School v. Culvert, 815 F.2d 219, 224 (2d Cir. 1986), cert. denied, 484 U.S. 830 (1987). All three prerequisites for abstention are

present in this case.

First, it is clear that from the face of the complaint that, at the time this federal suit was filed, plaintiff's criminal action is still pending in the state courts. As set forth in Huffman v. Pursue, Ltd., 420 U.S. at 608, plaintiff's state proceeding is deemed "pending" in the state court until all his state court appeals right are exhausted. Thus, plaintiff can appeal his judgment to the New York Supreme Court, Appellate Division and, at that time, raise the propriety of Justice Feldman and Ferdinand's findings and determinations. Accordingly, the state court proceeding was on going at the time this federal action was filed and the first prerequisite for abstention is met.

Second, the substantial state interest necessary to implicate abstention is also present here. The complaint challenges allegedly incorrect findings and determinations in plaintiff's state court criminal proceeding. The federal courts have recognized the traditional strong interest of a state to interpret and apply its own caselaw in this area. Younger v. Harris, supra. Thus, because the complaint focuses upon matters of significant state concern, the second abstention prerequisite is met.

Finally, the third abstention prerequisite -- a state court opportunity to vindicate federal rights -- is present here as well. See Juidice v. Vail, 430 U.S. at 335. Assuming, arguendo, that the complaint raises a federal claim, there is no reason plaintiff cannot raise this claim in the context of a state court

8

proceeding or in the appellate review that remains available to him. Notions of comity and federalism compel the assumption that the state courts are competent to hear and fully resolve plaintiff's constitutional claims:

> [t]here is no reason to assume that [plaintiff's] constitutional rights will not be protected by the Appellate Division ..., or, if further review becomes necessary, by the New York Court of Appeals." Erdmann v. Stevens, 458 F.2d 1205, 1211 .... State courts, as much as federal courts, are bound by and required to follow the United States Constitution. [Plaintiff], as appellees did in Huffman v. Pursue, Ltd., 420 U.S.592 (1975) ... is 'urging (the Court) to base a rule on the assumption that state judges will not be faithful to their constitutional responsibilities.' And like the Supreme Court, '[t]his we refuse to do.' Id. 420 U.S. at 611....

Turco v. Monroe County Bar Association, 554 F.2d 515, 520 (2d Cir. 1977), cert. denied, 434 U.S. 834 (1977).

Here, plaintiff raised, <u>or can raise</u>, the purported constitutional claims he asserts in this federal action, in the pending state court action. Hawaii Housing Authority v. Midkiff, 467 U.S. at 237. Even if new constitutional claims are asserted here, his "failure to avail himself of the state courts . . . should not give him access to federal court to obtain injunctive relief." Donkor v. City of New York Human Resources Admin., 673 F. Supp. 1221, 1227 (S.D.N.Y. 1987). As set forth in Younger, "the accused should first set up and rely upon his defense in the state courts..." before seeking relief in the federal courts. Younger v. Harris, 401 U.S. at 45.

In sum, "Younger v. Harris, contemplates the outright

9

dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." Gibson v. Berryhill, 411 U.S. 564, 577 (1973). Accordingly, because an important state interest is at stake in the state court proceeding and plaintiff has an adequate opportunity to raise his constitutional claims in the state court, this federal court should abstain from hearing the instant case and dismiss the action in entirety.

Even if abstention were not required here, this Court should decline, as a matter of comity, to hear this case and instead refer the matter to the state courts. The decision to defer to the jurisdiction of the state courts, when abstention is not required, is a matter committed to the district court's discretion. Seawill v. Calvert Fire Ins. Co., 437 U.S. 655, 662-664 (1981); Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976); Burford v. Sun Oil Co., 319 U.S. 315 (1943); Railroad Commission v. Pullman Co., 312 U.S. 496. 498 (1941). This case is perfectly suited for this Court's exercise of its power to decline jurisdiction. The complaint is based upon plaintiff's state court criminal proceeding and his dissatisfaction with the results. Although plaintiff purports to assert a constitutional claim, the essence of the relief he is seeking is federal court supervision and oversight of his state proceeding and collateral review of the state court determinations. Based upon principles of comity and federalism, this Court should decline to do so.

## POINT IV

**THE STATE OF NEW YORK, ITS AGENCIES AND ITS OFFICERS WHO ARE SUED IN THEIR OFFICIAL CAPACITIES ARE IMMUNE FROM SUIT BY INDIVIDUALS IN FEDERAL COURT UNDER THE ELEVENTH AMENDMENT.**

The Eleventh Amendment to the United States Constitution bars a suit in a Court of the United States against a state, or one of its agencies, absent its consent to such a suit or an express statutory waiver of immunity. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984); Alabama v. Pugh, 438 U.S. 781 (1978); Employees v. Department of Public Health, 411 U.S. 279, 280 (1973). It is well settled that the State of New York has not consented to suit in federal court, see Trotman v. Palisades Interstate Park Commission, 557 F.2d 35, 38-40 (2d Cir. 1977), and that the provisions of 42 U.S.C. § 1983 were not intended to override a state's immunity. Quern v. Jordan, 440 U.S. 322, 343 (1979).

Absent consent or an express congressional override, the Eleventh Amendment absolutely bars suit against a state or an agency of the state, regardless of the relief sought. Thus, this Court lacks subject matter jurisdiction over suits against a state or state agency seeking monetary relief, as well as suits seeking declaratory and injunctive relief. Papson v. Allian, 478 U.S. 265, 276-77 (1986); Pennhurst, 465 U.S. at 100-101; Missouri v. Fiske, 290 U.S. 18, 27 (1933); Cory v. White, 457 U.S. 85, 91 (1982). See also Santiago v. N.Y.S. Dep't of Correctional Services, 945 F.2d 25, 32 (2d Cir. 1991), cert. denied, 112 S. Ct. 1168 (1992).

Specifically, actions against the state courts are barred by the Eleventh Amendment. See Richards v. State of New York, 597 F. Supp. 692, 693 (E.D.N.Y. 1984), aff'd 767 F.2d 908 (2d Cir. 1985), cert. denied 474 U.S. 1066 (1986) (a state court is immune from suit under the Eleventh Amendment); Zuckerman v. Appellate Division, 421 F.2d 625, 626 (2d Cir. 1970) (courts are "the judicial arm of the State of New York"); Mathis v. Clerk of the First Dep't, Appellate Division, 631 F. Supp. 232, 234 (S.D.N.Y. 1986) ("a state court ... is not amenable to suit under 42 U.S.C. § 1983 ... on the grounds that it is immune from suit by virtue of the Eleventh Amendment ...").

The Eleventh Amendment immunity described above extends also to damage actions against state officials sued in their official capacities if the state is the real party in interest. Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988). As the Supreme Court ruled in Kentucky v. Graham, 473 U.S. at 169:

> This [Eleventh Amendment] bar remains in effect when state officials are sued for damages in their official capacity. Cory v. White, 457 U.S. 85, 90 (1982); Edelman v. Jordan, 415 U.S. 651, 663 (1974). That is so because, as discussed above, "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents..." Brandon [v. Holt, 469 U.S. 464] at 471.

(footnote omitted). See also Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); Eng. v. Coughlin, 858 F.2d 889, 894 (2d Cir. 1988); DeVillar v. City of New York, 628 F. Supp. 80, 85 (S.D.N.Y. 1986).

Here, there is no question that plaintiff is suing the

12

defendant Justices in their official capacity as a Justices of the New York State Supreme Court. Where, as here, "the State is the real substantial party in interest", <u>Ford Motor Co. v. Department of Treasury</u>, 323 U.S. 459, 464 (1945), the Eleventh Amendment bars the suit. Thus, because the defendant Justicess are being sued in their official capacities, the Eleventh Amendment bars any claim for money damages asserted against them.

Moreover, there is no subject matter jurisdiction over plaintiff's claim for monetary relief because, in <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), the Supreme Court concluded that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" and no action for money damages against them may lie. <u>Id.</u> 491 U.S. at 71. Accordingly, this official capacity suit for money damages against the individual Justices cannot be maintained. Fed. R. Civ. P. 12(b)(1).

<u>POINT V</u>

**DEFENDANT JUSTICES ARE ABSOLUTELY IMMUNE FROM SUIT FOR MONEY DAMAGES UNDER THE DOCTRINE OF JUDICIAL IMMUNITY.**

Plaintiff seeks money damages in the amount of $1,000,000.00, together with 50% of their pay and pension, against each defendant Justice because of their involvement in plaintiff's criminal proceeding. Assuming <u>arguendo</u>, that plaintiff has stated a viable claim, the defendant Justices' actions qualify as judicial acts for which they are absolutely immune from claims for money

13

damages.

Under the doctrine of judicial immunity, a judge is not monetarily liable for acts done in the exercise of her judicial function. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 13 Wall. 335 (1872)." Pierson v. Ray, 386 U.S. 547, 553-554 (1967); Mireles v. Waco, ___ U.S. ___, 112 S. Ct. 286, 287 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Zuckerman v. Appellate Division, 421 F.2d at 626, n. 2 (even "42 U.S.C. § 1983 does not affect the established common law rule that a judge is immune from suit arising out of the exercise of his judicial powers. . ."); Francis v. Crafts, 203 F.2d 809 (1st Cir. 1953), cert. denied, 346 U.S. 835 (1953) (a state court judge is not liable under federal civil rights acts for his acts in fulfillment of his judicial duties). See also Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990). The only prerequisites to judicial immunity are that the judge not act in the "clear absence of all jurisdiction" and that he or she be performing a judicial act or one which is judicial in nature. Stump v. Sparkman, 435 U.S. at 359, 362; Pierson v. Ray, 386 U.S. at 553-54.

The two prerequisite are met in this case. First, as Justices of the New York State Courts, defendant Justices Feldman and Ferdinand have full jurisdiction and authority to rule upon all matters presented in plaintiff's criminal proceedings. See, New

14

York State Constitution, Article VI, § 13. Second, the decisions rendered by the defendant Justices in plaintiff's criminal proceedings qualify as a judicial acts to which immunity attaches. Even if the actions taken by defendant Justices are later ruled to be improper, erroneous or incorrect on appeal, monetary liability will not lie. <u>Fields v. Soloff</u>, 920 F.2d at 1119. Moreover, judicial immunity bars a claim for money damages even where, as here, the judicial acts are alleged to have been done maliciously or corruptly. <u>Stump v. Sparkman</u>, 435 U.S. at 355-56; <u>Gutierrez v. Vergari</u>, 499 F. Supp. 1040, 1046 (S.D.N.Y. 1980). Accordingly, because the defendant Justices are absolutely immune from suit and damages the complaint must be dismissed as against them.

## CONCLUSION

**FOR THE FOREGOING REASONS, THE COMPLAINT SHOULD BE DISMISSED AS AGAINST THE DEFENDANT JUSTICES IN ITS ENTIRETY.**

Dated: New York, New York
November 4, 1996

Respectfully submitted,

DENNIS C. VACCO
Attorney General of the
 State of New York
<u>Attorney for Defendant Justices</u>
By:

*[signature]*

Joseph D. Mirabella
Assistant Attorney General
212-416-8559

JOSEPH D. MIRABELLA
Assistant Attorney General
 <u>Of counsel</u>

15

STATE OF NEW YORK    )
                     :   SS.:
COUNTY OF NEW YORK   )

      **JOSEPH MIRABELLA**, being duly sworn, deposes and says:

That he is an Assistant Attorney General in the office of DENNIS C. VACCO, the Attorney General of the State of New York, Attorney for the Defendant herein. On the 4th day of November 1996, he caused to be served the annexed NOTICE OF MOTION and DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS upon the following named person(s):

      Tony Harrison
      141-92-20435
      18-18 Hazen Street
      East Elmhurst, New York 11370

Plaintiff in the within entitled action by depositing a true and correct copy thereof, properly enclosed in a post-paid wrapper, in a post office box regularly maintained by the United States Postal Service at 120 Broadway, New York, New York 10271, directed to said plaintiff at the address within the State designated by him for that purpose.

                                                    _____
                                                  Joseph Mirabella

Sworn to before me this
  4th day of _____ 1996.

_____
Assistant Attorney General
of the State of New York