

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOSEPH ZANGRILLI**<br>*Senior Counsel*<br>Phone: (212) 356-2657<br>Fax: (212) 356-3509<br>jzangril@law.nyc.gov |

January 29, 2025

**By ECF**
Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY, 11201

               Re:    <u>Tony Harrison v. Correctional Officer Hodge et al.</u>,
                       96-CV-1465 (PKC) (LB)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. I write on behalf of the City of New York to respectfully request an extension of time from January 31, 2025 until March 3, 2025 to fully respond to the <u>Valentin</u> Order by providing a name and service addresses of the individual defendants Plaintiff identifies as "Steward" in his Second Amended Complaint. (ECF No. 54). At the outset, the undersigned respectfully apologizes for not complying with Your Honor's Individual Rule 3, requiring that extension requests be made at least three business days in advance and failing to ascertain Plaintiff's position prior to the time of filing. (ECF No. 54). Until very recently, we believed we had a promising lead and thus anticipated complying with the Court's Valentin Order by the original deadline. However, upon further investigation we have determined we are unable to confirm the individual's involvement, necessitating this request.

      Pursuant to the Valentin Order, the City has identified and is providing the last known address for Correction Officer ("CO") Hodge as follows:

- 1065 Vermont Street, Apt. 3H
  Brooklyn, NY 11207

      Since the last court conference, with respect to the individual identified as "Steward," this office has continued to undertake significant efforts to determine if there is a former or current Department of Correction ("DOC") officer by that name who was involved in transporting Plaintiff to or from Kings County Hospital Prison Ward on February 15, 1996. As noted in Plaintiff's Second Amended Complaint (ECF No. 46), both CO Hodge and CO Steward were assigned to Kings County Hospital at the relevant time. To that end, DOC maintains a 12-year retention policy for duty rosters, so we could not verify rosters from February of 1996. After considerable searching, we located a single male DOC correction officer named "Steward" who served on February 15, 1996. We managed to connect with him via a service vendor who hand-delivered a letter to his home. However, once we spoke with him, he stated that he had never worked at or

been assigned to the Kings County Hospital Prison Ward, Anna M. Kross Center ("AMKC"), nor Brooklyn House of Detention; but had been stationed exclusively at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, and did not handle medical transports. He also noted that, having only five years on the job at that time, it would have been unlikely for him to have been granted such responsibilities.

In light of these developments, we are now exploring whether there could have been a "Steward" or similarly named individual employed outside DOC at the hospital ward—potentially as a peace officer under NYC Health + Hospitals ("H+H") or as a private security contractor. We have reached out to H+H to investigate whether they have employment or contractor records from 1996 for the Kings County Hospital Prison Ward. We note, however, that the hospital's prison ward has been closed for several years. As such, we are also expanding our search to union or pension records, civil service exam records with Department of Citywide Administrative Services, and other relevant sources.

Additionally, we are scheduling a legal call with Plaintiff for January 31, 2025, in hopes of clarifying the specifics of his claim, including his exact location on or about the incident date. Research into Plaintiff's movement history suggests a possibility that he may have been held at the Brooklyn Detention Complex (then known as the Brooklyn House of Detention) rather than AMKC at the time of the blood draw. We have also requested copies of the pertinent criminal court and District Attorney's files to see if they contain any references to personnel or transport information that could shed further light on these issues.

Because we must effectively restart our efforts to determine if a "Steward" was employed by an entity other than DOC, we respectfully request a 30-day extension from the current deadline of January 31, 2025, to March 3, 2025, to fully comply with the <u>Valentin</u> Order regarding CO Steward. Given the age of these records, the closure of the Kings County Hospital Prison Ward, and the uncertainty about whether H+H still maintains digitized or accessible 1996-era records, it is difficult to predict how long this search will take or whether it will produce conclusive results. However, it is the City's intention to exhaust all possible avenues of investigation.

The Defendant thanks the Court for its time and consideration to this matter.

Respectfully submitted,

*Joseph Zangrilli /s/*

Joseph Zangrilli
*Senior Counsel*
Special Federal Litigation

Cc:   **By U.S. Mail**
Tony Harrison
97-A-1299
Sing Sing CF
354 Hunter Street
Ossining, NY 10562
*Pro Se Plaintiff*