

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 Church Street<br>NEW YORK, NY 10007 | **MICHAEL FUTRAL**<br>Phone: (212) 356-1643<br>Fax: (212) 356-3509<br>mifutral@law.nyc.gov<br>*Assistant Corporation Counsel* |

August 18, 2025

**BY ECF**
Honorable Seth D. Eichenholtz
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: <u>Tony Harrison v. NYC Dept of Corrections, et al.,</u>
       96-CV-1465 (PKC) (SDE)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Detectives Sanchez, Kennedy, and Mullhall in the above-referenced matter. I write pursuant to the Court's Order dated August 6, 2025 (ECF No. 105), directing the City to supplement its July 28, 2025 status report with additional details regarding the three remaining candidates in our investigation to identify Correction Officer "Steward."

  At the outset, the City respectfully clarifies that it has not "concluded that none of the three individuals could be Officer Steward," as stated in the Court's Order. (*Id.*) Rather, as noted in the July 28th status report, the City is still "unable to make a definitive identification of C.O. Steward" because none of the three remaining candidates match the totality of plaintiff's identifying information. (ECF No. 104 at 2.) Each candidate possesses some characteristics consistent with plaintiff's description but also exhibits material inconsistencies that preclude definitive identification.

    **<u>Analysis of Remaining Candidates</u>**

  Through our exhaustive review of Department of Correction personnel files, we have identified three candidates who cannot be definitively eliminated but who each present significant inconsistencies with plaintiff's description. As noted in the July 28th status report, plaintiff has consistently described C.O. Steward as a Black male over six feet tall who was C.O. Hodge's partner and assigned to C-95, also known as the Anna M. Kross Center ("AMKC"). (ECF Nos. 46, 78.) Plaintiff's initial complaint also referenced "(Kings County Hospital)" as a possible assignment location. (ECF No. 2 at 2.)

**First Candidate**: This individual was successfully contacted via telephone, and confirmed he is a Black male who was employed by DOC in February 1996. Critically, he is the only candidate among the three who matches plaintiff's physical description of being over six feet tall. However, his surname is "Stewart," not "Steward" as specified in plaintiff's complaints. When interviewed, he recalled being assigned to the Manhattan Detention Complex in 1996, not C-95/AMKC as plaintiff has consistently asserted. His personnel records do not include any information about his specific assignment on February 15, 1996, the date of the incident, and contain no documentation of any AMKC assignment during the relevant timeframe. Furthermore, despite our efforts to refresh his recollection with details from plaintiff's allegations, he expressed no memory of the February 15, 1996 incident or plaintiff.

**Second Candidate**: Personnel records indicate this officer, whose surname is "Stewart" rather than "Steward," was assigned to Kings County Hospital Prison Ward during the relevant timeframe. This assignment is consistent with plaintiff's original complaint notation of "(Kings County Hospital)," though it conflicts with his later, more detailed assertions in the Second Amended Complaint and in legal calls and Court conferences with the undersigned and with ACC John McLaughlin that C.O. "Steward" was Hodge's partner assigned to AMKC. (ECF No. 46.) This individual is documented as a Black male employed by DOC in February of 1996. However, according to personnel records, he is under six feet tall, materially inconsistent with plaintiff's description. There is also no documented partnership with C.O. Hodge in the available records. Despite multiple attempts through various channels, we have been unable to contact this candidate for interview or verification.

**Third Candidate**: Personnel records indicate this officer, whose surname is "Stewart" rather than "Steward," was assigned to the Transportation Division on the date of incident. While a Transportation Division officer could plausibly be present at a blood draw during medical transport, this assignment lacks the direct facility-based connection plaintiff describes. This candidate is a Black male who was employed by DOC in February 1996. However, his documented physical characteristics indicate he is 5' 9", inconsistent with plaintiff's description of an officer "over six feet tall." (ECF No. 78.) Like the second candidate, there is no documentation of any partnership with C.O. Hodge, and our contact attempts have been unsuccessful despite exhaustive efforts.

The fundamental impediments to definitive identification remain substantial. No DOC employee with the exact surname "Steward" matches plaintiff's other identifying criteria. None of the three plausible candidates possess documented AMKC assignments, despite plaintiff's repeated assertions that C.O. "Steward" was assigned to C-95 and partnered with C.O. Hodge. Only one candidate matches the physical description of being over six feet tall, yet that individual presents other material inconsistencies—including surname variation and assignment location—that preclude a definitive identification. The nearly 30-year passage of time has resulted in incomplete personnel records, faded memories, and unavailable witnesses, with assignment records for February 15, 1996, being incomplete or unavailable for certain candidates.

Further complicating the potential identification process, on August 12, 2025, ACC John McLaughlin received a telephone call from the United States Attorney's Office for the Eastern District of New York, which had mistakenly received returned mail from the U.S.

Marshals Service's attempt to serve C.O. Hodge by certified mail. The certified mail was returned as undeliverable, further complicating efforts to locate and serve this individual who plaintiff identifies as C.O. Steward's partner.

Notwithstanding, the City remains committed to exhausting all reasonable means of identifying C.O. Steward, including awaiting plaintiff's execution of the medical release authorization, which may yield contemporaneous records or document the officers who were present during the February 15, 1996 incident.

Respectfully submitted,

*Michael Futral /s/*

Michael Futral
Attorney for Defendants City,
  Kennedy, Mullhall, and Sanchez
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-1643
mifutral@law.nyc.gov

Cc: **VIA FIRST CLASS MAIL**
Tony Harrison
97-A-1299
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562
*Plaintiff Pro Se*

3