96-CV-1465 (PKC)(SDE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TONY HARRISON,

                                        Plaintiff,

-against-

CORRECTION OFFICER HODGE, Shield # 11923; CORRECTION OFFICER STEWARD; DETECTIVE SANCHEZ, 71st Pct.; DETECTIVE SGT. KENNEDY, and DETECTIVE MULHALL,

                                        Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

**MURIEL GOODE-TRUFANT**

*Corporation Counsel of the City of New York*
*Attorney for Defendants Kennedy, Mulhall,*
  *and Sanchez*
*100 Church Street*
*New York, N.Y. 10007*


*Of Counsel: John McLaughlin*
*Tel: (212) 356-2670*
*Matter No.: 2024-063548*

**PRELIMINARY STATEMENT**

Plaintiff offers no response to Defendants' demonstration that missing a single dose of medication while receiving immediate medical attention cannot constitute deliberate indifference. He presents no authority establishing that restraints used to effectuate a court-ordered blood draw violate constitutional standards when employed in response to active resistance. And Plaintiff's perfunctory treatment of qualified immunity—consisting of conclusory assertions without citation to any clearly established law from the relevant 1995-1996 time period—constitutes waiver of opposition to this dispositive defense.

Moreover, Plaintiff's opposition improperly attempts to supplement the Second Amended Complaint with extensive factual narratives that appear nowhere in the operative pleading. Even if considered, these additional allegations, which contradict statements in Plaintiff's earlier pleadings, merely confirm that Defendants summoned medical assistance and that the blood draw was conducted pursuant to valid judicial authorization over Plaintiff's resistance—facts that reinforce, rather than remedy, the failure to state viable constitutional claims.

For the reasons set forth in Defendants' opening memorandum and further elaborated below, the Second Amended Complaint should be dismissed with prejudice.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S INADEQUATE MEDICAL TREATMENT CLAIM REMAINS LEGALLY DEFICIENT**

Defendants demonstrated in their opening memorandum that Plaintiff's deliberate indifference claim fails as a matter of law because the alleged deprivation was neither actually inadequate nor sufficiently serious, Defendants lacked the requisite culpable state of mind, and Plaintiff failed to allege personal involvement by individual Defendants. (Defs.' Mem. at 5-11).

1

Plaintiff's opposition offers no legal authority or factual allegations that overcome these dispositive deficiencies.

This Court has already recognized the fundamental deficiencies in Plaintiff's medical treatment claim. In its March 29, 2024 Order, the Court found that Plaintiff's allegations were "insufficient to show that Plaintiff was 'actually deprived of adequate medical care,' or that he suffered any serious or permanent injuries as a result of any action or inaction by police officers." (ECF Dkt. 43 at 16). The Court dismissed this claim for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii). (*Id.*) Despite being granted leave to amend, Plaintiff's Second Amended Complaint failed to cure these deficiencies, and his opposition inappropriately dedicates several pages of facts to recycling the same insufficient allegations.

The opposition confirms that EMS personnel were summoned and present when Plaintiff regained consciousness, and that medical professionals evaluated Plaintiff's condition at the precinct. (Opp. at 5). These admissions establish that Defendants "summoned medical assistance," thereby satisfying their constitutional obligations under *Rasmussen v. City of New York*, 766 F. Supp. 2d 399, 414 (E.D.N.Y. 2011). As this Court previously noted, Plaintiff stated he was permitted to call his mother to request his medication. (ECF Dkt. 43 at 2; citing Amended Complaint ("Am. Compl."), ECF Dkt. 8 at 3). The undisputed record thus demonstrates that Defendants took reasonable measures to address Plaintiff's medical needs

Plaintiff's opposition introduces extensive factual allegations regarding the circumstances of his arrest that appear nowhere in the Second Amended Complaint. Federal procedure prohibits curing pleading deficiencies through opposition papers. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Even if the Court were to consider these improperly presented allegations, they would not cure the fundamental legal deficiencies. The additional

narrative confirms that EMS workers recognized Plaintiff's condition and proposed immediate hospitalization, that medical evaluation occurred, and that a lineup was conducted—all consistent with legitimate law enforcement functions. (Opp. at 5). Nowhere does Plaintiff allege that he suffered serious injury, that his condition deteriorated, or that the brief delay for investigative procedures caused any cognizable harm. The expanded factual narrative thus reinforces, rather than remedies, the failure to establish either a sufficiently serious medical need or deliberate indifference by Defendants.

Plaintiff's reliance on *Liscio v. Warren*, 901 F.2d 274 (2d Cir. 1990), undermines rather than supports his position. *Liscio* employed an objective standard requiring officials to respond to risks they "knew or should have known." Here, Defendants demonstrably responded by summoning EMS—precisely the reasonable measures *Liscio* requires. The remaining authorities cited in Plaintiff's memorandum merely recite general constitutional principles without addressing the dispositive issue: whether missing a single dose of medication for a "mild seizure disorder" while receiving immediate medical attention constitutes deliberate indifference. This Circuit's precedent definitively answers that question in the negative. *Smith v. Carpenter*, 316 F.3d 178, 188-89 (2d Cir. 2003) (no constitutional violation from missed HIV medication doses absent evidence of permanent harm).

Finally, Plaintiff's opposition fails entirely to address Defendants' argument regarding lack of personal involvement. The Second Amended Complaint's collective references to "Defendant Detectives" remain legally insufficient to establish that any individual Defendant was personally involved in the alleged constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This deficiency alone mandates dismissal.

For these reasons, Plaintiff's inadequate medical treatment claim should be dismissed with prejudice.

## POINT II

## PLAINTIFF'S EXCESSIVE FORCE CLAIM REMAINS LEGALLY DEFICIENT

Defendants established in their opening memorandum that Plaintiff's excessive force claim must be dismissed because the court-ordered blood draw was constitutionally permissible and the force used to effectuate it was objectively reasonable given Plaintiff's admitted non-compliance. (Defs.' Mem. at 11-16). Plaintiff's memorandum cites no authority establishing that the use of restraints to overcome resistance to a court-ordered blood draw violates constitutional standards. The generic recitation of excessive force principles in Plaintiff's opposition fails to address the specific context here: a court-authorized procedure conducted in a medical setting where Plaintiff's own resistance necessitated the complained-of restraints.

This Court has already analyzed Plaintiff's excessive force claim and found it legally insufficient, specifically noting that Plaintiff refused to comply with a valid court order and that "a 'man in plain clothes' (presumably the hospital worker identified as Defendant 'John Doe Medical Examiner') tried nine times to 'catch a vein.'" (ECF No. 43 at 19-20, citing Am. Compl., ECF No. 8 at 5). The Court's reliance on Plaintiff's original account was well-founded, as Plaintiff's Amended Complaint explicitly distinguished between "Detective Hector L. Sanchez . . . *and* a man in plain clothes, who had a needle," stating that "[t]he man in plain clothes could not catch a vein[.]" (Am. Compl., ECF No. 8 at 5) (emphasis added).

In Plaintiff's Second Amended Complaint, and again in his Opposition, he presents a materially different version of events that contradicts his prior sworn statements. He alleges that "Detective Sanchez stuck Plaintiff in the right arm nine(9) times." (Opp. at 6). This direct

contradiction of Plaintiff's original sworn statement constitutes a judicial admission that precludes his current theory. *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding."). Plaintiff cannot now manufacture a claim against Detective Sanchez by contradicting his own prior account that medical personnel—not law enforcement—performed the blood draw procedure.

Even accepting Plaintiff's contradictory allegations, the undisputed facts demonstrate that the force used was objectively reasonable under both Fourth and Fourteenth Amendment standards. Plaintiff concedes multiple dispositive facts: (1) a valid court order authorized the blood collection; (2) probable cause supported the order, as confirmed by state appellate courts; (3) Plaintiff "refused to comply" with the lawful order; and (4) restraints were necessary solely due to Plaintiff's active resistance. (Opp. at 6; ECF No. 43 at 4-5, 19-20).

Under these circumstances, the use of restraints to effectuate a court-ordered blood draw against an actively resisting detainee is constitutionally permissible. *Schmerber v. California*, 384 U.S. 757, 771 (1966) (blood tests involve "virtually no risk, trauma, or pain" when properly conducted); *Carter v. Huterson*, 831 F.3d 1104, 1109-10 (8th Cir. 2016) (affirming dismissal where Plaintiff's injuries "resulted from his resistance to the Defendants' efforts to obtain a blood sample").

Furthermore, Plaintiff's opposition fails to cure the fundamental deficiency regarding personal involvement. Even accepting Plaintiff's new and contradictory allegation about Detective Sanchez, the opposition provides no factual basis establishing that Detective Sergeant Kennedy or Detective Mullhall participated in, directed, or had any opportunity to intervene in the

blood draw procedure. Collective allegations against "Defendants" remain insufficient under *Iqbal*, 556 U.S. at 676.

For these reasons, Plaintiff's excessive force claim should be dismissed with prejudice.

## POINT III

### DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Plaintiff's failure to meaningfully address Defendants' qualified immunity defense constitutes waiver of opposition to this dispositive argument. It is well-established in this Circuit that "issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *see also Jackson v. Federal Express*, 766 F.3d 189, 198 (2d Cir. 2014); *cf. Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). This principle applies with equal force at the district court level. *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997), aff'd, 146 F.3d 124 (2d Cir. 1998), *cert. denied*.

Defendants' opening memorandum devoted substantial analysis to qualified immunity, establishing that no clearly established law in 1995-1996 would have put Defendants on notice that their conduct violated constitutional standards. (Defs.' Mem. at 16-20). In response, Plaintiff offers only conclusory assertions that Defendants were "plainly incompetent" without identifying any clearly established law from the relevant time period. (Opp. at 13-14). This perfunctory treatment—devoid of any case citations or legal analysis—fails to constitute adequate opposition and therefore waives the argument.

Even addressing the merits, Defendants are entitled to qualified immunity. The temporal analysis remains dispositive: in 1995-1996, no clearly established law would have informed a reasonable officer that summoning medical assistance while completing identification procedures violated constitutional standards. The governing standard required subjective deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This subjective standard remained controlling until 2017. *Darnell v. Pineiro*, 849 F.3d 17, 32-35 (2d Cir. 2017). Under the applicable 1995 standard, Defendants' actions—summoning EMS and facilitating family contact—definitively negate subjective disregard.

Similarly, *Schmerber v. California*, 384 U.S. 757 (1966), clearly established that court-ordered blood draws are constitutionally permissible. No clearly established law in 1996 prohibited using reasonable restraints when subjects resist such procedures. Plaintiff identifies no contrary authority from the relevant time period.

For these reasons, qualified immunity shields Defendants from liability and mandates dismissal with prejudice.

# CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court dismiss the Second Amended Complaint with prejudice, and order any other and further relief that it deems just and proper.[1]

Dated: New York, NY
September 22, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorney for Defendants Kennedy, Mulhall, and Sanchez*
100 Church Street
New York, New York 10007
T: (212) 356-2670

By: /s/ *John McLaughlin*
John McLaughlin
*Assistant Corporation Counsel*
Special Federal Litigation

Cc: **VIA CERTIFIED FIRST CLASS MAIL**
Tony Harrison
97-A-1299
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562
*Plaintiff Pro Se*

---

[1] In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is 1,820. I have relied on the word count function of Microsoft Word to prepare this certification.